# Bogan *v.* Daughdrill.

*Bill in Equity for Specific Performance of Contract for Sale of Lands, and Injunction of Judgment in Ejectment.*

1. *Specific performance ; when matter of right.* — The specific performance in equity of a contract in writing for the sale of real estate, if the contract is certain, fair in all its parts, founded on an adequate consideration, and capable of execution, is as much a matter of right, as damages for its breach in a court of law.

2. *Same ; variance and uncertainty, in pleadings and proof, as to vendor's interest in land.* — In decreeing the specific performance of a contract for the sale of lands, the court can only compel the vendor to convey his title and interest in the land, whatever that may be ; consequently, vagueness and uncertainty in the pleadings and proof, or a variance between them, as to whether the vendor covenanted to convey the entire interest in the lands, or only his undivided interest, is no obstacle to a specific performance to the extent of his interest.

VOL. LI.

[Bogan v. Daughdrill.]

3. *Award as to matters outside of submission.* — In general, an award which goes beyond the submission, and decides matters not embraced in it, is valid as to the matters submitted, and void only as to the excess.

4. *Specific performance as to part only of land claimed.* — Under a bill for the specific performance of a contract for the sale of four hundred acres of land, the complainant may have a specific performance as to eighty acres only. The discrepancy, in such cases, is not a matter by which the defendant can be injured, and he cannot complain of it.

5. *Chancellor's decree on question of fact.* — The chancellor's decision on a question of fact will not be reversed on error or appeal, unless there is a decided preponderance of the evidence against its correctness.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed on the 17th September, 1870, by James H. Daughdrill, against Henry S. Bogan and James L. Webb; and sought the specific performance of a contract for the sale of a tract of land, of which the complainant was in possession under his alleged purchase from the defendants, and an injunction of a judgment in ejectment, which they had recovered against him for the land. The tract of land, which had belonged to the defendants jointly, was described in the bill as the north half of the southeast quarter of section 18, the southwest quarter of section 17, township 10, and the southwest quarter of section 24, township 9, range 10, containing four hundred acres, more or less. The chancellor held, on final hearing on pleadings and proof, that the complainant was entitled to a specific performance, against both of the defendants, as to the west half of the southeast quarter of section 18, and rendered a decree accordingly; and his decree is now assigned as error. The material facts are stated in the opinion of the court.

WATTS & TROY, for appellants. — 1. The jurisdiction to enforce a specific performance is not compulsory, but discretionary. A specific performance will not be decreed, unless the contract is just and reasonable, and founded on an adequate consideration. *Gould* v. *Womack*, 2 Ala. 83; *Ellis* v. *Burden*, 1 Ala. 459; *Andrews* v. *Andrews*, 28 Ala. 432. Nor where the performance would be unconscionable, or where the bargain is hard and unreasonable. *Casey* v. *Holmes*, 10 Ala. 777; *Hays* v. *Hall*, 4 Porter, 374; *Delaze* v. *Haggard*, 16 Ala. 196.

2. There are several fatal variances between the allegations and proof. *Ellerbe* v. *Ellerbe*, 42 Ala. 643; *Carter* v. *Thompson*, 41 Ala. 375; *Blackwilder* v. *Loveless*, 21 Ala. 371.

3. The arbitration does not help the complainant's case. Webb is not bound by it, because he was no party to it; and Bogan is not bound by it, because it went beyond the submission. Moreover, the award has been set aside by a court of competent jurisdiction.

[Bogan v. Daughdrill.]

4. The chancellor perpetually enjoins a judgment at law for four hundred acres of land, and yet decrees a specific performance as to eighty acres only.

RICE, CHILTON & JONES, contra, cited Causey v. Driver, 13 Ala. 818; Chapman v. Glassell, 13 Ala. 50; Calloway v. McElroy, 3 Ala. 406; Greenlee v. Gaines, 13 Ala. 198; Johnson v. Johnson, 5 Ala. 97.

BRICKELL, J. — The object of the bill is the specific performance of contracts of purchase of real estate, made by the complainant with the defendants. From the pleadings and proofs it appears, that the defendants, Bogan and Webb, jointly owned a tract of land, on which was located a steam saw-mill, and other fixtures, and that they separately made a sale of their respective interests to the complainant. The contract with Bogan was reduced to writing, in the form of a bond for title, by which he covenanted to convey to the complainant on the payment of the purchase-money. The contract with Webb was by parol.

1. When a contract respecting real estate is in writing, is certain, fair in all its parts, founded on an adequate consideration, and capable of execution, a specific performance in a court of equity is as much a matter of right, as damages for its breach in a court of law. 2 Story's Equity, § 751; Willard's Equity, 262; Rogers v. Sanders, 16 Maine, 97.

2. The answer of Bogan admits the sale to complainant, and its terms, as alleged in the bill. It also admits the execution of the bond for title, but denies that he thereby covenanted to convey any other or greater interest in the lands than he had, which was an undivided half interest. The bond for title has been lost, and the allegations of the bill, as to the extent of its covenants, are loose and vague — whether it was a covenant by Bogan to convey the entire title, or only an undivided half interest. No demurrer to the bill, because of its vagueness in this respect, was interposed. The proof is not more definite than the allegations of the bill. Is the uncertainty of the bill and evidence in this respect an obstacle to the specific performance of the contract? A correspondence between the pleadings and proofs is more rigidly exacted in cases of specific performance, than in perhaps any other class of cases of which a court of equity has jurisdiction. The contract of which performance is sought must be clearly alleged and proved; and its terms must be so specific and distinct, as to leave no reasonable doubt of their meaning. The jurisdiction to enforce specific performance is cautiously and carefully exercised, and the court must clearly see that it is enforcing the contract the parties

made, of which the pleadings must give distinct information, and not a contract which it may make for them in the solution of vague, uncertain, doubtful, or conflicting testimony.  *Avery* v. *Echols*, 18 Ala. 353 ; *Goodwin* v. *Lyon*, 4 Port. 297.  These two cases are illustrative of the rule.  In the first, there was a parol contract for the sale of land, specific performance of which was sought.  The purchase-money was partially unpaid, and the proof left it uncertain whether it was payable in *four* or *five annual instalments*.  Because of the uncertainty of the proof in this respect a specific performance was refused.  But the court say, if the purchase-money had been fully paid, the necessity of alleging and proving the time when it was payable would, perhaps, have been superseded.  In the other case, performance of a parol contract for the sale of lands was also sought.  The proofs were uncertain and contradictory as to its terms, both as to amount and time of payment of the purchase-money, which was unpaid in part, though the vendee had taken possession.

   The manifest difference between those cases and this is, that in each of them a material element of the contract, an element which the court must have compelled to be performed, was left in doubt.  In neither of them, could the court properly render a decree, which did not compel the payment of the purchase-money.  No computation of this could be made, unless the time of payment was definitely ascertained.  In this case, whether the bond for title bound the defendant Bogan to convey a perfect title, an entire title to the lands, or bound him only to a conveyance of his undivided interest, it is incapable of specific performance in a court of equity, except to the extent of his interest.  It would furnish a ground for damages at law, that he could not convey to the extent of his covenant ; or, in a proper case, would, in a court of equity, furnish a ground for the rescission of the contract of purchase.  When specific performance is sought, the party seeking it is entitled only to a conveyance of such interest as the vendor has, and can rightfully convey.  Fry on Specific Performance, §§ 299, 300. The legal effect of the bond for title, so far as it can enter into the decree sought in this case, is the same, whether it covenanted to convey the entire title, or only the title of the covenantor.  It can here have no other operation, than to entitle the covenantee to a specific performance, to the extent of the covenantor's interest.  Therefore, a discrepancy in the pleadings and proofs, as to whether it contained a covenant for the entire title, or only for the title of the vendor, is not material.  It cannot affect the decree, or the rights of the parties in this suit. *Drury* v. *Conner*, 6 Harris & Johns. 488 ; 3 Parsons on Contracts, 354.

3. The part of the purchase-money not paid at the time of the sale, agreed to be paid to Bogan, was payable in Confederate treasury-notes. It was not paid at the close of the war, either wholly or partially. The parties were disputing as to the amount which was unpaid, and as to the extent of the purchaser's liability. They submitted their dispute to arbitration, and the arbitrators awarded the purchaser should pay Bogan a specific sum, and that he should convey one hundred and sixty acres of the land, including the parcel on which the mill and fixtures had been located. It is insisted that the award is void, because it directs a conveyance of the land, and this is a matter not embraced in the submission. An award must conform to the submission. That is the limit of the authority conferred on the arbitrators, and in so far as it is exceeded, the award is void. But, when an award covers the matters submitted, and embraces others not submitted, as a general rule it is valid as to the matters submitted, and void only as to the matters not submitted. It is void only for the excess of authority. Caldwell on Arbitration, 276. Conceding to the defendant Bogan the invalidity of the award, so far as it directs a conveyance of the land, its validity, so far as it determined and declared the amount of the purchase-money, is not affected. With the award, to that extent, the complainant offered to comply, but his offer was rejected.

As to Bogan, then, we think a contract fair in all its parts, certain, founded on an adequate consideration, and capable of performance, is established, entitling the complainant as against him to a specific performance.

4. It is said the bill avers a contract for the sale of more than four hundred acres, while the chancellor renders a decree enforcing it as to eighty acres only; that if the proofs entitled the complainant to a decree for eighty acres only, then there was a discrepancy between the pleading and proof, as to the subject-matter of the sale, which is fatal to the decree. It is a general rule, at law and in equity, that a plaintiff may be permitted to recover a part only of what he claims — that he shall not be turned out of court, when the proofs fix his right of recovery, but lessen its measure from that averred in his pleading. In the case of *Graham* v. *Gates* (6 Har. & Johns. 229), a bill was filed seeking specific performance of a contract, as alleged, for the purchase of a lot of ground known as "Hampstead Hill," in the city of Baltimore. The proofs established the complainant's right to a part only of the land, and the court decreed him relief to the extent authorized by the proof. So, in *Drury* v. *Conner*, before cited, a conveyance of a parcel of land known as "Oliver's Neck," was claimed. The proofs entitled the complainant to an undivided fourth part only, and

[Bogan v. Daughdrill.]

it was decreed him. These decisions seem to us well founded in principle. The party of whom specific performance is sought, cannot be injured, when a decree is rendered against him only to the extent of a clearly defined and established liability. It would not savor of good conscience to permit him to escape from that liability, because he had been charged with a greater. This discrepancy between the pleadings and decree is not material.

5. As we have said, the contract with the defendant Webb was by parol. The bill alleges, that the complainant purchased Webb's interest for the sum of two thousand dollars, payable in Confederate treasury-notes; that by a subsequent agreement, the sum to be paid was reduced to one thousand dollars, which the complainant had paid. The answer denies that any such contract of sale was made, and avers that the contract was for the payment of three thousand dollars, of which one thousand dollars is unpaid, and exhibits complainant's note for the payment thereof. There is evidence supporting the allegations of the bill, and there is evidence supporting the statements of the answer. On error, the presumption is maintained, that the decree or judgment of which revision is sought, is correct. This presumption must be clearly repelled by the party claiming a reversal of the decree. It is indulged, whether the error complained of is a matter of law or a matter of fact. It is rather strengthened by the reluctance of appellate courts to disturb the judgments or decrees of primary courts, on mere questions of fact. We have carefully examined the evidence on this point. It is conflicting, and, in some respects, uncertain. We cannot say there is a clear, decided preponderance against the conclusion attained by the chancellor. If we differed from him, as to the weight of the evidence, the presumption we are compelled to indulge would arise. Not satisfied that there is a decided preponderance of evidence against the conclusion of the chancellor, that the allegations of the bill are sustained, we cannot reverse the decree. *Phillips* v. *Phillips*, 35 Ala. 63; *Kennedy* v. *Marrast*, 46 Ala. 161.

The decree is affirmed.