57 So.2d 543

## McLAURINE v. KNOWLES.
### 4 Div. 663.

Supreme Court of Alabama.
Jan. 24, 1952.

Rehearing Denied March 6, 1952.

John C. Walters, Troy, for appellant.

Lawrence K. Andrews, Union Springs, for appellee.

FOSTER, Justice.

The question here in controversy is the true location of the dividing line between Sections 2 and 11, Township 13, Range 21

in Bullock County. Section 2 is immediately north of Section 11. That part of Section 2 in controversy is owned by appellee Knowles and that part of Section 11 in controversy is owned by appellant McLaurine.

The problem is to find the line which was originally located by the government surveyors. There is no question of adverse possession. It is woodland and the original monuments and markers have long since been obliterated. There were available two surveys at the time of the first trial. The court first entered a decree favorable to appellant. But on motion of appellee the trial judge set aside his decree and ordered a new trial, and appointed a surveyor to make a survey and locate the line. This survey was made and another then came to light though it had been made before the first decree. The trial court thereupon had another hearing and rendered another decree favorable to appellee, from which this appeal was taken. The trial judge accepted the survey made by the surveyor whom he appointed, and decreed accordingly. His survey was of the east line of both sections.

According to this survey the field notes showed the distance from the southeast corner of Section 11 to the northeast corner of Section 11 (which is the southeast corner of Section 2) to be 5291.88 feet and from there to the northeast corner of Section 2 to be 5268.12, or a total of 10560.00 feet, which is exactly two miles. Whereas beginning at an agreed southeast corner of Section 11 extending north to the northeast corner of Section 2, the distance by actual measurement was found to be 10675 feet. So that the line measured 115 feet more than the two miles which the field notes called for.

There being no way to find by the field notes or marks and monuments exactly where the dividing point was actually located, the surveyor divided the 115 feet between Sections 2 and 11 in proportion that the field notes showed the relationship of the east line of Section 2 to the east line of Section 11. The east line of Section 11, according to the field notes, was 5291.88 out of a total for both sections of 10560. The

east line of Section 2 by said field notes was 5268.12. So that the amount added to 5291.88 was computed by the following formula: $\frac{5291.88}{10560} \times 115 = 57.63$, and the amount added to 5268.12 was computed for Section 2, $\frac{5268.12}{10560} \times 115 = \frac{57.37}{115.00}$, thereby making the east line of Section 11, 5291.88 plus 57.63 equals 5349.51 and the east line of Section 2, 5268.12 plus 57.37 equals 5325.49. The two figures make 10675 feet, the exact measurement of the two lines.

 Appellant contends that the process of arriving at the true corner in question violated section 752, Title 43, U.S.C.A. But we understand that the use of the formula was merely to aid in ascertaining the true location of the line as made by the original surveyor: not that it should be used to change the true location when found. There is no better evidence. The field notes are not accurate and cannot be absolutely relied on.

It is the province and duty of the court to locate the disputed boundary line by finding and locating the true line. If this cannot be done with absolute certainty, the court should consider all the physical indications, reputation, general treatment of the parties, monuments, if any, and courses and distances. Here it is impossible for the court to know that it is correct in locating it. But the result reached is after four surveys and much testimony taken by deposition and orally before the court. We think the evidence does not furnish a better solution than the one which the trial court adopted.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.

On Rehearing.

FOSTER, Justice.

It is apparent that the trial judge and the surveyor, on whose survey the judge relied, applied to the situation a mathematical formula for the ascertainment of the lost corner, so that the question really is whether or not there was error in doing so. We find that such formula under the circumstances here disclosed is an established principle of surveying. We quote as follows from Clark on Surveying and Boundaries, section 349: "When new measurements are made on a single line to determine the position of a lost corner, it will almost invariably happen that such line overruns or falls short of the distance given in the notes. When this is the case, the surveyor should always fix the point by proportional measurement on lines conforming to the original field-notes. There can be no departure from this rule."

We believe that the foregoing principle has been properly applied in this case, and that the decree of the trial court was without error, which justifies its affirmance.

The application for rehearing is therefore overruled.

BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.