119 So.2d 184

Georgia Belle KEITH

v.

Myron C. MILFORD.

5 Div. 711.

Supreme Court of Alabama.

March 17, 1960.

John W. Johnson, Jr., Lanett, Wm. C. Hines, LaFayette, and J. O. Sentell, Jr., Montgomery, for appellant.

Wm. O. Walton, Jr., LaFayette, for appellee.

SIMPSON, Justice.

Complainant filed a bill in the Circuit Court of Chambers County, Alabama, in Equity, alleging that there existed a dispute between herself and respondent as to the true and correct boundary line between their respective properties; that respondent had erected a wire fence over a portion

of complainant's property and prayed that the court render a decree fixing and establishing the boundary line between the property of complainant and the property of respondent in accordance with the lines indicated on a map attached to the bill of complaint, and that the court order respondent to remove the fences, etc. Demurrers to this bill were sustained and the complainant filed an amended bill averring that complainant was the only heir of J. P. Johnson, deceased, who died intestate and that she owned and possessed the lands in question, and that a deed from one Trammel to respondent conveying lands in the Northwest Quarter of Section 6, Township 23, Range 27, was a cloud on her title.

Respondent filed an answer and cross-bill denying all allegations of the bill and alleging that he owned all properties which had been fenced by him and further alleging that the boundaries between complainant and respondent have become indistinct over the years and prayed that the court establish the boundaries between complainant and respondent along the fence line erected by him.

Testimony was taken ore tenus on these issues and from a final decree in favor of the respondent, the complainant has brought this appeal.

Appellant assigns as error the rendering of the final decree describing the properties of the appellee to be substantially as shown by a map or plat introduced by respondent (appellee) and failing to render a decree declaring complainant (appellant) owner of lands as claimed in the amended bill of complaint.

Appellant further assigns as error the refusal of the trial court to admit testimony of complainant's witness Keith (complainant's husband) as to statements made to him by complainant's predecessor in title as to what constituted the boundaries of the property owned by him (complainant's predecessor). The record discloses that appellant's witness Keith did answer the question propounded to him regarding statements made to him by complainant's (appellant's) deceased predecessor as to what the boundaries of his property were. Motion to exclude such testimony was later granted, but it is not clear as to whether the trial court later changed his ruling on such motion. However, inasmuch as the record discloses that such testimony was merely cumulative, other witnesses having testified as to statements of the said decedent with regard to the boundaries of the property in dispute, the appellant has not been prejudiced by such exclusion if in fact such testimony of Keith was excluded. Though the court did not specifically rule, finally, on the legality of the evidence, it is presumed that he considered only that which was relevant, material, competent and legal and his findings will be upheld when there was legal evidence before him to support his findings. Dougherty v. Hood, 262 Ala. 311, 78 So. 2d 324.

Deeds constituting the chain of title of each party were introduced. None of them contained a clear and unambiguous description of either piece of property. The appellant's deeds describe the property claimed by her as 80 acres in the NW quarter, etc., bounded on the north by beat line, on the west by lands of DeLoach and on the south by lands of Barker and on the East by lands of Belcher. Likewise appellee's deeds to lands east of appellant's fail to describe clearly the lands conveyed, for the most part describing the property as "All of the NE ¼ of Section 6, Township 23, of Range 27, less one acre in the Southwest corner also less 12.65 acres in the Southeast corner of said tract, being 23 chains North and South by 10.50 chains East and West."

Witnesses for both sides testified as to what constituted the boundaries of

**378**

each party's property. Maps and plats were introduced by each party and surveyors testified as to monuments, information relied upon in preparing such maps. As pointed out above, the chain of title of both parties fails to adequately describe the lands of either. In such a case it is competent for the trial court to hear all of the evidence and determine all questions, including the issue of adverse possession and to render a final decree settling all issues between the parties. Atkins v. Cunningham, 222 Ala. 553, 133 So. 586.

As we stated in McLaurine v. Knowles, 257 Ala. 8, 57 So.2d 543, 544:

"It is the province and duty of the court to locate the disputed boundary line by finding and'locating the true line. If this cannot be done with absolute certainty, the court should consider all the physical indications, reputation, general treatment of the parties, monuments, if any, and courses and distances."

Here the court heard evidence of witnesses bearing on the land markings, monuments, all physical indications on the land as well as evidence on the reputation of the various parcels. He found that the respondent (appellee) owned the parcel described in the final decree. On the basis of all evidence adduced at the trial, we cannot say that the finding was palpably erroneous. Parkman v. Ludlum, 260 Ala. 235, 69 So.2d 434; McCary v. McMorris, 265 Ala. 493, 92 So.2d 319.

While the court did not specifically indicate the boundary line between the appellant's and appellee's property, in describing that land owned by the respondent he has necessarily established it.

Let the costs of the appeal be taxed equally between the parties.

Affirmed.

STAKELY, GOODWYN and MERRILL, JJ., concur.