134 So.2d 757

**J. E. SIMS**

v.

**Boss SIMS.**

**7 Div. 529.**

Supreme Court of Alabama.

Nov. 16, 1961.

H. C. Orme, Jr., Gadsden, for appellant.

Hawkins & Rhea, Gadsden, for appellee.

MERRILL, Justice.

This appeal is from a judgment in favor of plaintiff in an action in the nature of ejectment. One of appellant's pleas in the lower court was disclaimer, together with a suggestion of a boundary line dispute, and the court appointed a surveyor, Homer Turner, to locate the line. The chief question in the case was the true location of the middle section line which was their common boundary.

The parties to this suit are brothers. Appellant owns the SE ¼ and appellee owns the SW¼ of Section 22, Township 12, Range 8, in Etowah County. The land is rural, hilly, farm land and undeveloped except for a five-room wood house on the property. This house is near the line between the SE ¼ and the SW ¼ of Section 22, and the appellant has been living in the house for about four years.

The chief discrepancy in the evidence comes from surveyors. All the surveyors agreed on the southwest corner of Section 22, but there was a decided difference of opinion as to the true location of the disputed line. Two surveyors, Waldrep and Murray, called by appellee, testified that the north and south middle section line would run through the house. Appellant's surveyor, Ernest Lee, testified the house was east of the middle section line, and the court appointed surveyor, Turner, testified that the house was west of the middle section line.

The cause was tried before the court without a jury and the court accepted the Turner survey, found for appellee, and awarded him $600 as damages for the wrongful withholding of the property.

One group of assignments of error urge that the judgment of the court is contrary to the weight of the evidence.

It was the province and duty of the trial court to locate the disputed boundary line by finding and locating the true line. There were surveys with conflicting

results and the court had to make a decision. McLaurine v. Knowles, 257 Ala. 8, 57 So. 2d 543. The decision is supported by evidence of the Turner survey and we apply the usual presumption when the evidence is ore tenus before the court without a jury. Greif Brothers Cooperage Corp. v. Sawyer, 269 Ala. 513, 114 So.2d 259; Holoway v. Carter, 261 Ala. 51, 72 So.2d 728.

Assignments of error 7 through 11 are the only other assignments argued in brief. They charge error because the court failed to find whether appellant's suggestion of adverse possession for over three years was true or false under the provisions of Tit. 7, § 945, Code 1940; and that the court erred in not allowing appellant credit for necessary expenses and improvements made by appellant while occupying the house.

■ When appellant disclaimed any part of the land in the SW ¼ of Section 22, he cut himself off from proof of adverse possession in this type of suit at law. The principle is stated in Yauger v. Taylor, 218 Ala. 235, 118 So. 271, 272:

> "As early as McQueen v. Lampley, 74 Ala. 409, Judge Stone pointed out the difficulty of settling a disputed boundary line by ejectment where muniments of title call for government subdivision. If the plaintiff sues by the description in his deed, and defendant pleads not guilty, he admits possession of lands covered by plaintiff's deed and not his own. If he disclaims the possession of the lands sued for, he cuts himself off from proof of adverse possession, whether it arise by an agreed survey acquiesced in by both parties, by a line pointed out to him, when he purchased, and to which he has held without question for the statutory period, or by any other form of adverse possession recognized by law. * * *"

See Oliver v. Oliver, 187 Ala. 340, 65 So. 373; Golden v. Rollins, 259 Ala. 286, 66 So.2d 91. Under the issues raised by the pleadings, there was no question of adverse possession to be decided.

■ The testimony shows that all the asserted improvements were made by appellant after he knew suit had been filed by the appellee. The case of Murray v. Barnes, 146 Ala. 688, 40 So. 348, 350, disposes of the contention of credit for improvements in the following language:

> "One who has knowledge of an adverse claim is not entitled to the right to set off improvements made after acquiring such knowledge. Gordon v. Tweedy, 74 Ala. 232, 49 Am.Rep. 813."

■ Moreover, the claim for improvements made in connection with the three years adverse possession under Tit. 7, § 945, was a controverted issue in the evidence heard by the court trying the case without a jury. A general judgment for plaintiff necessarily carried a denial of defendant's right to have the benefit of the value of the improvements. Headley v. McCall, 205 Ala. 108, 87 So. 355.

■ It should be borne in mind that the line to be settled is the true middle section line. The government survey of lands into sections does not establish the ground location of the interior subdivision lines, such as the one here in dispute, but provides a basis for location of interior lines, and they are none the less certain in legal contemplation. Nolin v. Parmer, 21 Ala. 66; Edwards v. Smith, 240 Ala. 397, 199 So. 811.

■ The ground location of section lines or of interior subdivision lines cannot be changed by agreement of the parties or by adverse possession, although possession and ownership of land in the proper section or subdivision may be so acquired. Upton v. Read, 256 Ala. 593, 56 So.2d 644; Alford v. Rodgers, 242 Ala. 370, 6 So.2d 409. Here, the dispute was over the proper location of the middle section line and not a claim of possession by either party to property across that line.

This disposes of all assignments of error properly argued and no reversible error has been presented.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.