229 So.2d 507

Victor E. EDWARDS et al.

v.

B. M. FARMER et al.

6 Div. 711.

Supreme Court of Alabama.

Nov. 20, 1969.

Rehearing Denied Jan. 8, 1970.

Bland & Bland, Cullman, for appellants.

St. John & St. John, Cullman, for appellees.

McCALL, Justice.

This is an appeal from the Circuit Court of Cullman County, in Equity, by the complainants from a final decree in equity, locating and establishing boundary lines between their land and that of the respondents. The boundary between these co-terminus owners divides the real property of the appellants, Victor E. Edwards and Lela Edwards, on the south and west sides, from that of the appellees, B. M. Farmer and Eva Farmer, on the north and east sides. The case was heard ore tenus in open court by the trial judge. Testimony of the appellants and those called as witnesses by them was to the effect that up to the time of a survey made by Vernon Padgett, a civil engineer, in 1957, no boundary had been pointed out to them and they did not know where the division lines were located. The appellants acquired the property in 1953. The lands were unoccupied and wooded. No farming was done on the tract and, according to the appellants, there was no indication of any physical boundary between the lands of the parties. The land lines that are in dispute are referred to in appellants' deed, and those of their predecessors in title, as being the property lines of G. H. Fannin, a predecessor in title to the appellees, thus tying in the land lines of the appellants and the appellees. The appellants' deeds also describe the disputed north and south boundary line as running along the line, between the southeast forty and southwest forty, in the Southeast quarter of Section 9. The south line of this section constitutes the appellants' south boundary and a continuation of it to the east, is the utmost south line of the appellees. A survey

made for the appellants by Vernon Padgett extends the appellants' property along both disputed boundaries beyond the lines as insisted upon by the appellees, so as to cause an overlapping of 100 feet or more on to the appellees' lands.

The appellees had two surveys made. Each of these undertakes to move the north and south boundary line between the parties westward and beyond the governmental subdivision line approximately 115 feet so as to thus overlap on the appellants' land according to the Padgett survey. Surveys made by James A. Kelton and Harvey Atkison which were in evidence, very nearly coincide, though made separately and independently of each other. Witnesses testified that the boundary lines between the parties located by these surveys coincide with the course of old land marks, that is, a broken down fence and fence row, and, a ditch along the east and west line. There was evidence also that prior to appellees' ownership, predecessors in title farmed the land north of appellants up to the line for a period of over 20 years. Several witnesses testified that these two boundaries were the recognized dividing lines between the properties as far back as 1918.

In its final decree, the trial court described the appellees' property, and fixed and decreed that the true dividing lines between the parties are the south line of appellees' property and the west side of appellees' property where the same are contiguous to the property of the appellants. The court directed an engineer to place markers in accordance with its decree and identify them as judicial markers.

■ The appellants' first assignment of error is that the trial court erred in decreeing and finding that the correct description of appellees' property is as set out in the decree. Counsel for appellants' supporting argument is based on his insistence on the correctness of the land survey made by Vernon Padgett and the incorrectness of the surveys of Kelton and Atkison. Suffice it to say that we have read the testimony of all of the witnesses in the case carefully, especially that testimony of the three surveyors having to do with their respective surveys, the property descriptions used by them, the different points of beginning, the courses and distances followed by them, and the plats and maps offered in evidence. After considering all of these matters and the testimony of the other witnesses as to the location of the true boundary lines or what was considered and recognized as such, we canot say that there is a clear, decided preponderance of the evidence against the conclusion reached by the trial judge in finding and decreeing the description of the appellees' property. Unless we are, the rule is that we cannot reverse the decree. Bogan v. Daughdrill, 51 Ala. 312; Hall v. Hall, 280 Ala. 275, 279, 192 So. 2d 727; Jones v. Kelly, 203 Ala. 170, 82 So. 420; Joiner v. Watkins, 186 Ala. 211, 65 So. 135. There were conflicts in the evidence relating to the surveys. The appellants' evidence in this respect was largely in disagreement with the two surveys offered by the appellees. The appellants commenced their survey at one point, while the appellees started from a different point. Apparently the survey for the appellants could not be reconciled with the two for the appellees in several aspects. Some of the area had been taken in for new roads and highways since the use of the first property description that has been incorporated in successive conveyances without reflecting the ground changes.

Under a quite similar fact situation, this court said in Keith v. Milford, 270 Ala. 376, 377, 119 So.2d 184, 186:

"Witnesses for both sides testified as to what constituted the boundaries of each party's property. Maps and plats were introduced by each party and surveyors testified as to monuments, information relied upon in preparing such maps. As pointed out above, the chain of title of both parties fails to adequately describe the lands of either. In such a case it is competent for the trial court to hear all of the evidence and determine

all questions, including the issue of adverse possession and to render a final decree settling all issues between the parties. Atkins v. Cunningham, 222 Ala. 533, 133 So. 586."

Not only does a court of equity have power and authority to sift the evidence and make a determination as to the location of a true boundary, but it is also an equity court's responsibility and duty to do this when called upon. The court's findings and decree will not be reversed on this subject unless palpably wrong. In McLaurine v. Knowles, 257 Ala. 8, 10, 57 So.2d 543, 544, we went on further to say:

"It is the province and duty of the court to locate the disputed boundary line by finding and locating the true line. If this cannot be done with absolute certainty, the court should consider all the physical indications, reputation, general treatment of the parties, monuments, if any, and courses and distances. * * *"

The appellants' assignment of error No. 2 is that the trial court erred in decreeing that the correct dividing line for more than 20 years between the parties, is established by the property description as set out in the final decree, which is the south side and the west side of the appellees' property, where the same is contiguous to that of the appellants. Preferably the trial court should have described the location of the true boundary line with particularity. Nonetheless, the line called for in the court's decree can be located by a civil engineer or a competent land surveyor from the trial court's description and designation of the dividing line. Further, the decree orders and directs the witness, James A. Kelton, a registered land surveyor, to place markers and identify them as judicial markers. We consider that by its decree, the court has established the true dividing line between the parties. Keith v. Milford, supra.

Using the phrase "for more than 20 years between the parties" rather than "for more than 20 years between the property of the parties" is not of such materiality as to warrant a reversal, because it is the existence of the true line that controls regardless of whom it may have existed between. Therefore, the appellants take nothing on this objection under assignments of error Nos. 2, 4, and 5. Otherwise, these assignments, and assignment of error No. 3, which is that the trial court erred in not decreeing the true and correct dividing line, have already been covered in this opinion. We have likewise covered the objections raised by assignments of error Nos. 7, 8, and 9, all three of which question the sufficiency of the evidence to support the findings and final decree.

Assignment of error No. 6 is that the finding and the decree of the court is not sustained by the great preponderance of the evidence. The rule is not that the decree must be supported by the great preponderance of the evidence. If under any reasonable aspect of the case, the decree is supported by credible evidence, it is due to be affirmed, Rodgers v. Thorton, 254 Ala. 66, 46 So.2d 809; and, the trial court will not be reversed unless there is a clear, decided preponderance of the evidence against his conclusion, Marlow v. Benagh, 52 Ala. 112; Bogan v. Daughdrill, 51 Ala. 312; Lewis v. Wilkinson, 237 Ala. 197, 186 So. 150. We reiterate that we have carefully reviewed the transcript of evidence in this record and we cannot say that we are fully convinced that the trial judge erred in the conclusion he reached. The decree is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and BLOODWORTH, JJ., concur.