286 So.2d 294

**William VARNER, Jr., et al.**

v.

**Bessie CARR et al.**

**SC 120.**

Supreme Court of Alabama.

Oct. 25, 1973.

Rehearing Denied Dec. 13, 1973.

Jones, Murray, Stewart & Yarbrough, Montgomery, for appellants.

Walker, Hill, Gullage, Adams & Umbach, Opelika, for appellees, Ocie Levett, Willie Lue Levett, R. F. Newman, Wallace Farr, R. F. Newman, Inc. and Alabama Wood Products, Inc.

FAULKNER, Justice.

This is an appeal from a decree of the Fifth Judicial Circuit of Alabama establishing a boundary line between the parties.

Appellants' predecessors in title conveyed to them the west half of the northwest quarter of Section 3, Township 16 North, Range 25 East, in Macon County, Alabama. Ocie Levett's predecessors in title conveyed to him the eastern half of the northwest quarter of Section 3, Township 16 North, Range 25 East, in Macon County, Alabama. According to the deeds there was no dispute of the boundary line. However, there arose between the landowners a dispute as to the physical location of the north-south boundary line.

Ocie Levett took possession of the land in 1942. When it was conveyed to him, the land was surveyed by a Mr. Pickett. Pickett placed a concrete marker at the northwest corner of the Levett land. He ran a southerly line and placed an iron pipe at the southwest corner of Levett's land. Subsequent to Pickett's survey, a Mr. Crump surveyed Ocie Levett's land and concluded that Pickett's survey was correct. Crump placed a concrete post at the southwest corner of Levett's land. Subsequent to the Crump survey, Levett's land was again surveyed in 1971 by Philip Fretwell Associates. The northwest and southwest corners were reconfirmed at the concrete markers placed by the previous surveyors. These concrete markers were in place at the time of the trial.

■ Ocie Levett testified that he had always claimed the land up to the line between these markers. Appellants contended that a fence east of the line between the concrete markers was the boundary line; that this fence was on or near the midline in a north-south direction. Ocie Levett's evidence was that he did not recognize the fence as a boundary line between the parties. The land between the fence and the markers appears to have been in dispute for many years. Timber cutting by appellants on the land west of the disputed property and on the disputed property had been stopped by Ocie Levett. Appellants had invited Levett to institute a "friendly lawsuit" to adjudicate the title to the property in dispute. The appellants had their own

surveyor, a Mr. Sizemore, survey the land. His opinion was that the fence was the correct boundary line. Appellants further contend that they obtained title to the disputed land by adverse possession. Appellants' evidence tended to show that the disputed land had been rented to various tenants for over thirty years. The tenants had farmed the land, run cattle over it. A witness for appellants testified that Levett was told that the fence was the boundary but that he was welcome to cut firewood and hunt on the land west of the fence. Levett testified to many acts inconsistent with such adverse possession claimed by appellants. The tax assessor testified that the lines between Township 16 and Township 17 do not abut and are not standard; that there is a "dog-leg" between them and because of this the area had been surveyed many times. There was also testimony that Levett did not claim an area of land called the "fox field"; that Levett was awarded the land by the trial court's decree. The record does not show where the fox field is located. As a matter of fact, the record does not have with it all records referred to in the trial. Specifically missing is an aerial photograph to which witnesses referred and the tax assessor's records. We cannot review evidence that is not in the record. Barnett v. Millis, 286 Ala. 681, 246 So.2d 78 (1971); Eaton v. Shene, 282 Ala. 429, 212 So. 596 (1968).

The trial court established that the boundary line between the parties in a north-south direction is as shown on the map or plat of the survey prepared by Philip Fretwell Associates, bearing the date of February 10, 1971, after hearing the case ore tenus.

■ A decree of the trial court will not be reversed in a suit to establish a boundary line unless it is palpably wrong and contrary to the great weight of the evidence. Deese v. Odom, 283 Ala. 420, 218 So.2d 134 (1969); Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822 (1956); Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548 (1966). Also, this court has held that

a decree establishing a boundary line need not be supported by a preponderance of evidence. If the decree is supported by credible evidence, it should be affirmed. Edwards v. Farmer, 285 Ala. 118, 229 So. 2d 507 (1969).

There were conflicting surveys in this case as well as other conflicting testimony of the witnesses appearing before the trial court. The trial court heard the evidence ore tenus and established a boundary line. It was his duty to do so. He had to make a decision. Sims v. Sims, 273 Ala. 103, 134 So.2d 757 (1961); McLaurine v. Knowles, 257 Ala. 8, 57 So.2d 543 (1952). We have made a diligent search of the record, from which it does not appear that the boundary line as established by the court is palpably wrong. The decree of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.