292 So.2d 111

Clarence E. **LANTHRIP** et al.

v.

**Mr. and Mrs. Stanley WYLIE.**

SC 334.

Supreme Court of Alabama.

Jan. 31, 1974.

Rehearing Denied April 11, 1974.

Volz, Capouano, Wampold & Prestwood, Montgomery, for appellants.

Elno A. Smith, Jr., Montgomery, for appellees.

FAULKNER, Justice.

Appellants appeal from a decree of the Circuit Court of Montgomery County that the boundary line between the parties is established according to the survey made on November 28, 1964, by Edward G. Johns, Registered Land Surveyor. The order of the trial court is affirmed.

■ A decree of the trial court will not be reversed in a suit to establish a boundary line unless it is palpably wrong and contrary to the great weight of the evidence. Varner v. Carr, 291 Ala. 654, 286 So.2d 294 (1973). Deese v. Odom, 283 Ala. 420, 218 So.2d 134 (1969); Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822 (1956).

In this case both tracts of land were owned by Mr. and Mrs. Gardner up to the mid 1940's. Mr. Gardner constructed a fence between the tracts and sold one tract to an intervening title holder. In 1950 the Lanthrips bought one tract and the Wylies bought the other. Although the fence was not in good repair (having become intermingled with a hedge and covered with kudzu) it continued to exist until Wylie tore it down.

The Lanthrips claimed to the fence from 1950 to 1971. The Wylies did not controvert this claim until 1970–1971. However, the testimony is not conclusive on this point.

A survey by a registered surveyor of both tracts was made in 1964. It appears that nothing was said about the fence, line, or survey from 1964 to 1971. The evidence is contradicting as to whether the parties considered the fence line and the survey to be one and the same.

■ The trial court established the boundary line based upon the evidence before it, heard ore tenus. Its decree is presumed correct on appeal, and unless it is plainly erroneous and unjust, the decree will not be disturbed. From the record before us there is no evidence tending to show that the trial court's decree was plainly erroneous or unjust.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.