305 So.2d 365

**William G. THAMES et al.**

v.

**Dwight F. HENSON.**

SC 880.

Supreme Court of Alabama.

Dec. 19, 1974.

Jesse M. Williams,· III, Montgomery, for appellants.

Thomas W. Underwood, Jr., Foley, for appellee.

MERRILL, Justice.

The appeal is from a decree establishing a 450 foot boundary line between plaintiff Thames on the west and defendant Henson on the east.

Thames purchased four unimproved lots in the Perdido Beach Subdivision in June, 1971. He decided to build a residence on the lots, the platted track being 100 feet wide at the north and south ends and 450 feet long, and hired a registered surveyor to survey the property. There was a chain-link fence on the east side of Thames' property. The surveyor reported to Thames that Henson's fence encroached on Thames' eastern boundary 25 feet at the northeast corner and one foot at the southeast corner.

Thames had his attorney contact Henson and advise him of the encroachment. Henson then had another registered surveyor to survey the property and this surveyor established the line along the separating fence, and Henson's position was that he would claim to the fence line.

Thames filed the suit to establish the boundary line. The case came on for trial. Henson testified that he purchased his property in April, 1971, and the improve-

ments, including the fence, were on the property when he bought it. He had no firsthand knowledge of how long the fence had been there, but that it appeared "to have been there a long time." He also testified that no prior owner, other than Thames had contested or surveyed the line.

The issue was a decision between the testimony of the surveyors. The trial court resolved that question in favor of the testimony of the two surveyors offered by Henson.

A decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct; and in such cases the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust. Smith v. Dillard, 291 Ala. 96, 278 So.2d 358; Varner v. Carr, 291 Ala. 654, 286 So.2d 294. In each of these cases, each party had their respective properties surveyed and the surveys were offered in evidence as they were here.

In *Varner*, supra, this court also said:

" * * * Also, this court has held that a decree establishing a boundary line need not be supported by a preponderance of evidence. If the decree is supported by credible evidence, it should be affirmed. Edwards v. Farmer, 285 Ala. 118, 229 So.2d 507 (1969).

"There were conflicting surveys in this case as well as other conflicting testimony of the witnesses appearing before the trial court. The trial court heard the evidence ore tenus and established a boundary line. It was his duty to do so. He had to make a decision. Sims v. Sims, 273 Ala. 103, 134 So.2d 757 (1961); McLaurine v. Knowles, 257 Ala. 8, 57 So.2d 543 (1952). We have made a diligent search of the record, from which it does not appear that the boundary line as established by the court is palpably wrong. The decree of the trial court is affirmed."

These statements are applicable in the instant case.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.