322 So.2d 103
Woodrow W. GIBSON et al.
v.
Walter E. TOTSCH et al.
SC 1280.

Supreme Court of Alabama.
Nov. 13, 1975.

Bailey, Taylor & Benton, Fairhope, for appellants.

Chason, Stone, Chason & Partin, Bay Minette, for appellees.

ALMON, Justice.

The appellees, Walter E. Totsch, et al., brought suit against the appellants, Woodrow W. Gibson and James R. Gibson, to enjoin them from maintaining any obstruction across a twenty foot strip of land on the south side of a parcel of land known as Lot 8, in Wenzel's Partition of part of Oak River View Subdivision, located in the southern part of Baldwin County. The appellees sought free access across said strip of land to Bon Secour River for themselves and other members of the public by reason of certain reservations made in deeds of conveyance prior to and including the deed of conveyance whereby the appellant obtained title to Lot 8.

The original owner, Emmet Wenzel, conveyed to Jean A. Hopkins, in May of 1949, the lot in controversy, Lot 8, with the following exception: "A strip of land 20 feet wide on the south side of said Lot (8) said strip of land to be used for street purposes only, and to extend from the Southeast Corner of said Lot West to the water." In November of 1952 the original owner, Emmett Wenzel, conveyed to Baldwin County the following:

"the North Ten (10) feet of Lot Seven (7) and the South Twenty (20) feet of Lot Eight (8) . . .. The purpose of this conveyance is to provide a public way to and from Bon Secour River for the owners of the land to the East of this subdivision and for the general public."

Subsequently, Jean A. Hopkins conveyed her interest to the appellant's predecessor in Title, John and Lucille M. Wenzel, which deed contained no exception. On November 14, 1972, the appellant, Woodrow W. Gibson, acquired title from Lucille M. Wenzel, a widow, to Lot 8 with the same exception as set out in the deed of conveyance from the original owner, Emmett Wenzel, as follows:

"Excepting a strip of land twenty (20) feet wide on the South side of Lot 8, said strip to be used for street purposes only, and to extend from the Southeast Corner of said Lot West to the water."

The appellants filed their answer to the complaint, which answer essentially admitted that they had erected a chain-link fence across a part of the south twenty feet of Lot 8, but they denied that the twenty foot right of access to the Bon Secour River to which the appellees were entitled had been obstructed.

Evidence was taken ore tenus. The principal issue at trial was whether the original owner intended to reserve only a strip of land wide enough at its west end to give the appellees twenty feet of access

to the bank of Old Bon Secour Run or whether he intended for the north line of the twenty foot strip to run until it hit the Bon Secour River. (See appended copy of appellees' Exhibit 1, which is identical to appellants' Exhibit A).

A final decree was entered on February 25, 1975. The court directed the appellants to remove the chain-link fence "across or on the south twenty (20) feet of said Lot 8" and enjoined them from "in any way or manner obstructing the free and unimpeded use of the south twenty (20) feet of said Lot 8 by the public and, in particular, the owners of the land to the East of this Subdivision, as a means of access and way to and from Bon Secour River."

The appellants' motion for a new trial was denied.

■ Appellant contends that the trial court's findings and judgment are contrary to the evidence and erroneous.

"A decree of the trial court will not be reversed in a suit to establish a boundary line unless it is palpably wrong and contrary to the great weight of the evidence." *Varner v. Carr*, 291 Ala. 654, 656, 286 So.2d 294, 295 (1973).

The trial judge made a view of the land in controversy and made the following statement:

"I went and looked at this and it looked to me there is no doubt they curved this strip and run the people into a slough; it certainly doesn't go to Bon Secour River. My ruling is: That they are entitled to 20 feet all of the way to Bon Secour River."

We have studied the briefs very carefully, and we have made a diligent search of the record. We are not persuaded that the findings and decree of the trial judge are palpably wrong and contrary to the great weight of the evidence.

■ Appellants next contend that the trial court erred in failing to admit testimony concerning Lot 7, on the south side of the lot in controversy, which evidence showed an enclosure of a part of the right-of-way. They argue that the admission of testimony concerning Lot 7 would have shown the unsuitability of the disputed strip of land as a roadway beyond Old Bon Secour Run and, therefore, that the original owner did not intend to dedicate the entire disputed strip.

This court stated in *Webb v. Demopolis*, 95 Ala. 116, 131, 13 So. 289, 294 (1892), and repeated in *Stack v. Tennessee Land Company*, 209 Ala. 449, 452, 96 So. 355, 358 (1923), that

" . . . [A] dedication of land as a street can in no case, in our opinion, be defeated by considerations going to the relative adaptability of the land to that end, or to difficulties of subjecting it to such uses in point of fact, or to the extent of the use to which it will be subjected when its natural obstructions have been removed, or even to the necessity to so use it all."

Finding no error to reverse, the judgment appealed from is affirmed.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.

APPENDIX

PLAT SHOWING PIER AND BOAT HOUSED, AND THE NORTH 10 FEET OF LOT NO. 7, AND THE SOUTH 20 FEET OF LOT NO. 8, IN WENZEL'S SUBDIVISION OF PART OF THE OAK RIVER VIEW SUBDIVISION, IN SECTION 30, TOWNSHIP 8 SOUTH, RANGE 4 EAST, BALDWIN COUNTY, ALABAMA.

Surveyor's Certificate:
        I, J.B.Allen, a licensed surveyor do hereby certify that I have measured in the location of the 2 X 29 foot pier, and the 15 X 20 foot boat house, and have shown said location on the above plat. I further certify that these measurements are correct.

Dated this the 4th day of April, 1972

Surveyor, Ala. Reg. No. 1326