This litigation involves a disputed boundary line between property owned for many years by the Shirley family and the adjoining property owned by the Snider family. According to the record title, the boundary line between the property of each family is the section line. However, the Shirleys contend that, for more than thirty years, both families have recognized as the boundary line between their respective properties an old fence and hedgerow, which the evidence shows has been on the property for many, many years. It is this same fence and hedgerow which were involved in litigation between other coterminous owners in Hagler v. Clark, Ala., 337 So.2d 327, decided September 3, 1976.
This litigation was begun when Mrs. Margaret Shirley Koster filed suit against Lizzie B. Snider and Arlo J. Snider asking the court to establish a boundary line between their respective properties. She alleged that the proper boundary line was the hedgerow and that the defendants Sniders have been destroying the hedgerow and trespassing on her property. Another Shirley, who also owned land adjacent to that of the Sniders, filed a second complaint alleging essentially the same facts. The Sniders denied that the hedgerow was the boundary line and contended that the section line was the boundary between the properties.
The trial court heard evidence from both sides and entered a judgment specifically finding that the boundary line between the parties was the hedgerow with the remnants of a wire fence which had been in existence for more than twenty years, and that it had been recognized as the true boundary line by the parties for many years. The Sniders appealed.
There is evidence from which the trial court could have concluded that the parties have recognized the hedgerow as the dividing line between their property for more than sixty years. Also, there is evidence from which it could have concluded that the Shirley family has claimed the property up to the hedgerow for that period of time. This court has repeatedly held that "A decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct; and in such cases the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust. . . ." Thames v. Henson, 293 Ala. 458, 459, 305 So.2d 365
(1974).
A decree fixing a boundary line between coterminous owners must only be supported by credible evidence and, when presented with a boundary line dispute, the trial court has a duty to ". . . sift the evidence and make a determination as to the location of the true boundary . . ." Edwards v. Farmer,285 Ala. 118, 121, 229 So.2d 507, 509 (1969).
Under the evidence in this case, the trial court was clearly justified in fixing the boundary line between the parties as it did.
AFFIRMED.
MADDOX, FAULKNER and BEATTY, JJ., and EMBRY, FRANK B., Supernumerary Circuit Judge, sitting by designation of the Chief Justice, concur. *Page 679