This is an appeal taken in a lawsuit between coterminous owners to determine the boundary line separating their land. The action began when plaintiff-appellee Velma Boyd sued defendant-appellant Travis Morrison, alleging that she was owner of certain real estate described in the complaint and that the defendant was the owner of other real estate with a common boundary line between the two. Plaintiff alleged that a dispute between the parties had arisen as to the location of the correct boundary line between them on the east of defendant Morrison's property and the west of her property. Morrison filed a responsive pleading and, upon a suggestion by the attorneys for the respective parties the court entered an order allowing a survey of the property for use in the determination of the true boundary line between the two parties. The survey was performed by James Barry, a registered, licensed surveyor. The guardian for defendant Morrison filed her answer, in which she denied the material allegations of the complaint and, while admitting that a dispute had arisen between the parties as to the correct location of the boundary line between them, the defendant claimed title to the land on his side of an old fence and further alleged that he and his predecessors in title had been in possession of the property to the fence for more than twenty years and that the old fence is still visible and had been noted on the plat prepared by the surveyor, which was admitted into evidence at the trial.
The case was tried before the court without a jury, and the court entered a judgment establishing the boundary line between the parties according to a description prepared by the surveyor. Morrison argues that the court erroneously ignored the old fence line in making its judgment.
Subsequently, Morrison filed a motion to alter or amend the judgment or, in the *Page 511 
alternative, for a new trial, in which he claimed that the judgment was contrary to the law and the facts, and contrary to the great weight and preponderance of the evidence in the case. Morrison contended that the court failed to consider the overwhelming preponderance of the evidence as to adverse possession by the defendant Morrison up to and including the fence line as platted by the surveyor. Morrison further claimed that the court failed to consider that all of the witnesses who testified in the case testified as to the existence of the fence and the location as platted by the surveyor, and that some of the witnesses had testified the fence had been in that location for some forty years. Morrison further claimed that the court failed to consider the claim of adverse possession to that strip of land on his side of the fence.
The trial court entered an order denying Morrison's motion to alter or amend the judgment or in the alternative to have a new trial. He appealed.
Morrison's main argument on appeal is that the evidence showed he had acquired title to the land up to the old fence shown on the Barry survey. Appellee Boyd naturally disputes Morrison's claim and contends that there was sufficient credible evidence to support the trial judge's decree. We have reviewed the record and are convinced that the trial judge did not err.
The respective deeds of the parties were introduced into evidence, and, although the deeds are not well drafted and are somewhat vague in that references are made to such things as "where a holly bush formerly stood" and a "rock corner," the surveyor testified that he established the disputed corner by reference to Morrison's deed. There was also testimony that Boyd had always claimed the property the court found to be hers and that at one time she cut timber up to and over the line claimed by Morrison.
While the various witnesses were testifying, they would indicate a point on the survey; the court reporter, in the transcript, has included the word "(indicating)" several times in the transcript of the evidence to show when a witness would point to a place on the survey.
The survey made by Barry shows a winding creek running through the property of both parties. There are bends in this creek and the surveyor has noted that "Boyd believes this bend to be on the line"; at another bend of the creek, the surveyor noted, "Morrison believes this bend to be on the line." These notations by the surveyor show the dispute between the coterminous owners as to the location of the north-south boundary line between them. Suffice it to say that the evidence was in conflict, and the trial judge had to make a decision. Was his decision erroneous? We think not.
Our scope of review is set out in Francis v. Tucker,341 So.2d 710 (Ala. 1977), as follows:
 "Our ore tenus scope of review rule hardly needs repeating nor authority cited to mandate our affirmance of the trial court's decree fixing the line in accordance with the Tuckers' deed of conveyance. It is an oft stated rule that a decree establishing a boundary line need not be supported by a preponderance of evidence. If, under any reasonable aspect of the case, the decree is supported by credible evidence, it is due to be affirmed unless palpably wrong or manifestly unjust. The only weight of the evidence rule invoked by our cases is where the `great or decided preponderance of evidence against the decree' test is applied in determining whether, though supported by some credible evidence, the decree is palpably wrong or manifestly unjust. See Varner v. Carr, [291 Ala. 654, 286 So.2d 294
(1973);] and Edwards v. Farmer, 285 Ala. 118, 229 So.2d 507 (1969)."
341 So.2d at 711-12.
Morrison contends that he proved adverse possession because he showed the existence of an old fence along the line he claimed as the boundary line. Certainly that was evidence which would support his view of the case, but it is not conclusive on *Page 512 
his claim of adverse possession. The law is well settled that when a party claims title to land by adverse possession, the presumption is in favor of the record owner and a heavy burden of proof rests on the one claiming by adverse possession. Clear and convincing proof is required. Kerlin v. Tensaw Land Timber Co., 390 So.2d 616 (Ala. 1980). One claiming adverse possession must show that his possession of a definite tract was actual, hostile, open, notorious, exclusive, and continuous for the statutory period of time. Knowles v. Golden StreamFishing Club, Inc., 331 So.2d 253 (Ala. 1976).
We are of the opinion that the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.