PER CURIAM.
This is a boundary dispute between coterminous land owners. Defendants James C. Rogers and Georgie B. Rogers own land that borders the land owned by plaintiff Mone Moskot Chambers on the north, west, and south. The issue is whether the northern boundary is established by a government survey line or by an existing, fence. The trial court heard ore tenus evidence on January 12, 1989, and ruled in favor of Chambers that the fence was the boundary. The Rogerses appealed. We affirm.
In Parker v. Barnes, 519 So.2d 945, 947 (Ala.1988), this Court stated:
“The trial court is entitled to a presumption of correctness as to its findings of fact based upon evidence presented ore tenus.... In order to overcome this presumption of correctness, the appellant must show that the trial court’s findings [are] plainly erroneous or manifestly un-just_ However, a trial court’s findings in an ore tenus case are not entitled to a presumption of correctness where the evidence is undisputed.” (Citations omitted.) “ ‘[A] decree establishing a boundary line need not be supported by a preponderance of the evidence. If, under any reasonable aspect of the case, the decree is supported by credible evidence, it is due to be affirmed unless palpably wrong or manifestly unjust.’ ” Morrison v. Boyd, 475 So.2d 509, 511 (Ala.1985) (quoting Francis v. Tucker, 341 So.2d 710, 711-12 (Ala.1977)).
After a thorough review of the record and the arguments presented in briefs of counsel, we conclude that the trial court’s judgment was supported by credible evidence and was not plainly erroneous or manifestly unjust. The judgment is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.