# Joiner v. Watkins, et al.

### Bill to Cancel Mortgage and for Redemption.

(Decided November 13, 1913.  Rehearing denied May 14, 1914.
65 South. 135.)

*Appeal and Error; Review; Finding of Chancellor.*—Where the evidence is conflicting, and the decree and judgment rendered by the chancellor finds support in the evidence, his findings on the facts will not be disturbed on appeal.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Martha L. Joiner against James T. Watkins and others to cancel a mortgage as cloud on title, or, in the alternative, to declare a deed, absolute in form, a mortgage, and for redemption.  Decree for respondents, and complainant appeals.  Affirmed.

The facts made by the bill are:  That in November, 1906, Rube Grizzard became indebted to the respondent Watkins in an amount which was due and payable in October, 1907; the same being given to secure the purchase price of a mule, with interest.  This was secured by a mortgage on appellant's land which was signed by Grizzard, Martha L. Joiner, and her husband, Elisha Joiner; the last two signing by mark.  That some time prior to September, 1909, Watkins began to insist and demand the payment of this mortgage debt, and on Sep-

tember 17, 1909, a deed was executed by Martha Joiner and her husband to Watkins for a recited consideration of $264.    That Watkins only paid her $50 in cash ; the balance of the consideration being supposed to be the amount due on the Grizzard mortgage, the said Watkins accepting the deed in settlement of the Grizzard mortgage, and payment of the additional cash to appellant.. That on December 28, 1910, Watkins conveyed this land by warranty deed to S. U. Lemmonds, one of the respondents, for the sum of $850.    The bill then alleges: That the complainant was an old, illiterate woman, unable to read or write, and with no business experience. That her husband was dead.    That he was about 100 years old when he died, was unable to read or write, and for 10 years prior to his death was very feeble, and unable to transact any business.    That Watkins was a brother of complainant, was an active, experienced business man, and had, to some extent, looked after appellant's business.    That appellant had remained in possession of and dwelt upon this land continuously from the time she executed the deed up to the present time.    The facts were in dispute.

TIDWELL & SAMPLE, for appellant.    Deeds conveying equity of redemption are always set aside if the consideration is grossly inadequate irrespective of other frauds or artifices.—*Noble v. Graham,* 140 Ala. 416; *Lock v. Palmer,* 26 Ala. 313; *Hitchcock v. U. S. Bank,* 7 Ala. 386; *McKinstry v. Conly,* 12 Ala. 678; *Oakley v. Shelley,* 129 Ala. 467; 27 Cyc.. 1374; 46 Am. Dec. 171. Under these authorities and under the evidence in the case, relief should have been granted because of inadequacy of price.    The mortgage should also be cancelled. —*White v. Life Assn.,* 63 Ala. 419; *Life Assn. v. Neville,* 72 Ala. 517; Brandt on Suretyship, § 295.    Refus-

[Joiner v. Watkins, et al.]

al to accept a tender relieves the party tendering of paying the money into court, or from keeping tender good otherwise.—*U. S. Co. v. Lesser,* 126 Ala. 589; *Andrews v. Frierson,* 39 South. 515. Counsel discuss other matters, but in view of the opinion, it is deemed not necessary to here set them out.

CALLAHAN & HARRIS, for appellee. The bare fact that the allegations of the bill and the proof were at such variance, required a dismissal of the bill.—*A. F. L. M. Co. v. Sewell,* 92 Ala. 171; *Bone v. Lansden,* 85 Ala. 564. The evidence was conflicting, and there was evidence to support the chancellor's finding, and this court will not review the same on appeal.

MAYFIELD, J.—Appellant filed her bill to have a certain mortgage cancelled as a cloud on title, and prayed, in the alternative, that a certain deed, absolute in form, be declared to be a mortgage, and that a redemption thereunder be allowed and enforced. The equity of the bill was denied, and submission for final decree was had on the bill, the answer, the exhibits thereto, and the depositions of a number of witnesses. The chancellor, on this hearing, dismissed the bill and denied all relief in respect to either alternative of the prayer, that is, to cancel the mortgage or deed as a cloud on title, or to have the deed declared a mortgage, and to allow a redemption. Relief was denied in one aspect upon the ground of variance, and in the other upon the ground of failure of proof.

The evidence has been carefully examined, and we fully concur with the chancellor in his findings and decree, in denying relief, and in dismissing the bill.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.