90 So.2d 813

James Edwin SCOTT

v.

Emily V. SCOTT.

5 Div. 603.

Supreme Court of Alabama.

Nov. 15, 1956.

Harry D. Raymon, Tuskegee, for appellant.

Russell & Russell, Tuskegee, for appellee.

## PER CURIAM.

This is an appeal from a final decree in equity which denied the relief sought in a bill whose object was to modify a former decree of divorce to the extent that it granted a monthly allowance and provided for the custody of the minor child. The former decree of the court was dated March 20, 1952. It granted the divorce and directed the payment by this appellant of $80.00 a month for the support of their child, and awarded appellee the custody of said minor, a boy then eight years of age.

The boy resides with his mother, appellee, in Hot Springs, Arkansas, where he is attending school. Appellant, under the terms of the decree, was given the privilege of visiting the child but is unable to do so. He now seeks to have the child visit him during vacation, but appellee refuses to allow such visitation. The petition alleges that appellant has married again (has two children) and has a good home; and that the amount of $80 a month has been regularly paid up to the time of filing the petition. That at the time of the divorce petitioner was engaged in the trucking business and had no established home; but that he has become engaged in business (a service station) in Tuskegee, and has an established home suitable for his child to visit; and, further, that appellee has threatened him if he visits the child in Hot Springs. That under the present court orders there can be no companionship between him and the child. That his income is approximately $200 a month, and that said allowance of $80 per month is excessive and should be reduced to conform to his income. Petitioner ceased paying anything as support money when this petition was filed and has paid nothing since then.

The trial was had on evidence taken before the trial judge. He made a finding of facts that the child has a "cleft palate" and a "cardiac condition"; that the mother "could look after a child like that better than anybody else in the world"; that he is too young to have the custody split at this time, "and that nothing has arisen to change the provisions of the former decree of this court relative to custody; that no circumstances have changed which would authorize the changing of this decree. Now, I can understand that the time will come when that will not be true. He probably ought to be brought out here where his father can see him and be with him". The court referred to the fact that appellant has not paid anything for the child's support since this petition was filed, and that he is probably not able to pay $80 a month. The court further noted there was nothing before it on account of petitioner's failure to pay anything during that time, and that the court could take no action in that respect, stating "the court will just say that the prayer of the petition in this case as amended is denied, and that disposes of the case". A final decree to that effect was then rendered. An appeal was promptly taken upon giving security for the costs of appeal.

Appellee has called our attention to the case of Hayes v. Hayes, 192 Ala. 280, 68 So. 351, holding that when a divorce is granted and the custody of a minor child is awarded in the decree, and an order is made at a subsequent term of court changing the custody of the child, the remedy of the aggrieved party is by mandamus and not by appeal.

In the case of Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35, the question was whether an appeal would lie from a decree modifying a permanent allowance made for the child in a former decree of divorce after the term had expired. The court, following the Hayes case, supra, held that such a decree of modification is not a final decree but is of an interlocutory character from which no appeal is provided. The same question was involved in Smith v. Smith, 218 Ala. 701, 120 So. 167. The court in its original opinion followed the Buttrey and Hayes cases.

■ Those authorities show that the court does not distinguish provisions for custody of children from those for maintenance in respect to a modification of such decrees. On rehearing in the Smith case, supra, the court referred to Morgan v. Morgan, 211 Ala. 7, 99 So. 185, as holding contrary to Buttrey v. Buttrey and other cases supra, and established the principle that an appeal will lie from such a decree. The court has continued to apply that principle. Aiken v. Aiken, 221 Ala. 67, 127 So. 819; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Northcutt v. Northcutt, 262 Ala. 98, 77 So.2d 336. Those cases served to change the rule declared in the Hayes case, supra, as to an appeal in cases involving the custody of children as well as cases involving only alimony and support allowance. The principle is the same. The appeal was properly taken and, therefore, it is our duty to review the merits of the final decree rendered in this case.

The indication is that the failure of petitioner to pay anything since the filing of the petition was influential in inducing a refusal to modify the allowance. The judge stated: "The petitioner in this proceeding is not in much shape to be asking for anything along that line when he hasn't done anything in ten months. The court thinks he could have done something. He didn't do anything. I can sympathize with the fact that he is probably not able to pay $80.00 a month, but he could have let the court know that a long time ago." The attention of the judge was then called to the fact that he had paid the installments in full up to the time of filing this petition (which is for the very purpose of letting the court know). To this the judge replied that he is eight or ten months behind (during the pendency of this petition), and that "there is no petition before this court for his failure to pay that, and the court can't take any action along that line now." Therefore he denied all relief.

It is here observed that at the time this divorce decree was rendered appellant made a deed to appellee of their home in Tuskegee, from which she was receiving $35 a month as rent at the time this suit was tried. Appellee and the boy live with her sister in Hot Springs, Arkansas, and help maintain a tourist court. They are well situated there.

■ We cannot agree with the trial judge that all relief should be denied as to the allowance because of petitioner's failure to pay installments which matured pending this petition. The effect of the decree rendered in this proceeding is to allow the amount of $80 a month to remain fixed, and payments to continue at that rate until there is a change of conditions occurring thereafter which are sufficient to support a new proceeding to modify. Under our cases installments which mature before a petition to modify is filed are immune from change. Epps v. Epps, 218 Ala. 667, 120 So. 150; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825; 8 Ala.Dig., Divorce, ⊂⊃245(1). The principle has been frequently referred to. Ex parte Myers, 246 Ala. 460(6), 21 So.2d 113. But the installment payments had all been made when this petition to modify was filed. Petitioner's

failure to pay the installments, which he seeks to modify and which matured after the petition was filed does not militate against the power of the court to make such modification as changed conditions may justify. We must therefore view the inquiry without being controlled by petitioner's failure to pay the installments which so matured.

The testimony in this case was taken and heard on August 17, 1954 by the presiding judge who rendered the decree. Specialists in orthodontia (correction of irregularities in the teeth of children) wrote a letter to counsel for appellee, dated July 12, 1954, which was introduced in evidence and which explained the condition and needs of the child. It is as follows:

"We have been observing this patient since May 9, 1953, at which time he was eight years of age. He has the most extreme cleft palate that has ever been in this office with sixteen years exclusive practice in orthodontics. His family dentist and physician have advised me, and it is my opinion that this cleft palate is inoperable. Inasmuch as he still has several of his baby teeth, we made a combination retainer and obturator August 15, 1953 to enable him to eat and to speak much better. The charge of $50.00 was made for this service. We have seen Jimmy several times since that date. This patient is going to need active orthodontic treatments for approximately two to two and one-half years involving an initial down payment of $250.00 and a monthly treatment charge of $25.00 per month, which expense in this office will approximate $1,000. There is going to be an additional expense the balance of this patient's life because of the changing of his teeth and of his growth development, which will necessitate new obturator appliances being made throughout his life. It is honestly impossible to estimate this expense as you can well understand. Also, for your consideration, the fact remains that Jimmy will need to have teeth filled, thorough prophylaxis, and perhaps necessary extractions throughout his life. Again, it is impossible to give an exact estimate of this expense.

"We believe that we have helped this patient considerably, and we believe that we can help him quite a great deal more in the future, but he does have a difficult case—one that is going to require considerable amount of care throughout his life (approximately two and one-half years in this office and with his family dentist later on)."

We do not know what treatment has been given as suggested by the dentist in that letter, nor what is the present financial status of the petitioner. The letter was written over two years ago.

This court is of the opinion that the denial of a modification of the decree providing for the support of the child was not controlled by applicable principles, and also there ought to be an inquiry into present conditions which might justify a modification of the order as to the custody of the child so as to allow him to visit his father during school vacations. To obtain any modification, effective as to those installments which have matured since the instant petition was filed, it must be done in this proceeding. We think, therefore, it would be just to retain this cause in court so as to retry that issue.

We think it best to reverse the decree of the trial court and remand the cause for another trial.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code and was adopted by the Court as its opinion.

Reversed and remanded.

SIMPSON, GOODWYN, MERRILL and SPANN, JJ., concur.