192 So.2d 727

Mary Brown HALL

v.

B. A. HALL.

4 Div. 240.

Supreme Court of Alabama.

Oct. 27, 1966.

Rehearing Denied Dec. 8, 1966.

Smith & Miller, Phenix City, for appellant.

· Phillips & Funderburk, Phenix City, for appellee.

PER CURIAM.

Appellee, B. A. Hall, divorced from appellant, filed in the circuit court of Russell County, in equity, his substituted and verified petition, as an incident to the divorce proceedings, to modify an award in said original divorce suit for support and maintenance of a minor child born to the union of the parties; also, to recover a sum of money in the custody of appellant as will be hereinafter shown. From a decree of modification and ordering Mrs. Hall to pay certain sums of money to appellee, Mrs. Hall appeals.

The petition alleges, and appellant admits, that in October, 1963, after the parties were divorced pursuant to proceedings instituted by Mrs. Hall, and wherein an award was made for the support and maintenance of the minor child of the parties, the petitioner delivered to appellant the sum of $10,000 in cash. There is a dispute between them as to the conditions, if any, that were attached to said delivery.

It is the contention of appellant that said delivery constituted a gift to her and the minor child, with no strings attached, while appellee contends that the delivery was made with the understanding that the money was a special deposit or bailment (Wright v. Paine, Adm'r, 62 Ala. 340(2), 34 Am.Rep. 24), to be returned whenever he called for it. Appellee, according to his

contention and evidence, demanded return prior to this suit, but without success.

It is further appellee's contention, in his petition and evidence, that after repeated refusals to return the deposit to him, he and appellant reached a mutual agreement whereby appellant was to keep $7,000 of the money as a lump sum settlement of future monthly installments of $75, each of which the original decree of divorce ordered him to pay.

Appellee further contends, in his petition for modification of the maintenance and support payments for the minor, that the remaining sum of $3,000 delivered to appellant, plus support installments that he had paid from the date of the alleged agreement to the date of trial, which was fourteen months, should be paid to him.

Evidence on these factual issues raised by the pleadings was heard ore tenus by the trial court, subject to Act No. 101, Gen. Acts 1943, p. 105, appvd. June 8, 1943; Recompiled Code of 1958 (unofficial), Tit. 7, § 372(1), and the provision therein that "if specific objection be made to any evidence and a ruling made thereon by the trial court, this statute shall not apply to such evidence."

■ We have applied Supreme Court Rule 45, Code 1940, Tit. 7, Appendix, to equity cases, and will not reverse a decree unless in the opinion of the court, after an examination of the entire cause, it should appear that the error complained of injuriously affected a substantial right. Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244(3, 4); State v. Mobile & O. R. Co., 228 Ala. 533, 537, 154 So. 91(10).

In the instant case the trial court heard the evidence and made a finding of fact that the parties hereto made an agreement concerning the $10,000, wherein the said Mary Brown Hall was to retain or keep $7,000 of the money for the benefit of the minor, to be used for the support and maintenance of said child, and that she was to return the sum of $3,000 of the deposit and relieve B. A. Hall of any further support payments for said child. The court further found that an oral trust was established, and the said B. A. Hall is entitled to have returned to him the sum of $3,000, and the said Mary Brown Hall is to hold in trust for the support and maintenance of the minor child, Goldie Francine Hall, living as an issue of the marriage of the parties, the sum of $7,000.

The trial court further found that subsequent to the establishment of the oral trust, the said B. A. Hall made payments for the support of said minor child, namely, Goldie Francine Hall, in the amount of $75 per month for fourteen months, all in obedience to the divorce decree.

The trial court ordered, adjudged and decreed that Mary Brown Hall forthwith deliver unto said court the sum of $3,000 and that she hold $7,000 in trust for the support and maintenance of said Goldie Francine Hall in accordance with the terms of the oral trust.

It was further ordered that Mary Brown Hall pay to the court for B. A. Hall the sum of $75 for each of the fourteen months succeeding the month of February, 1964, which sum was paid as support and maintenance for the minor child living as an issue of the parties' marriage and amounting to $1,050.

It was also decreed that said B. A. Hall "be, and he is hereby, relieved from any further support and maintenance payments in accordance with the prior decree in this case."

We will not undertake to treat the rulings of the trial court on objections to evidence because, in our opinion, such rulings were not error or were not prejudicial so as to exclude them from the operation of Rule 45, supra.

■■ In determining whether or not the parties, in settlement of their dispute as to the status of the $10,000 deposit, mutually agreed that $7,000 was to be held by the

minor's mother (appellant) in trust for the support and maintenance of the child, we are guided by the well-known pronouncement of this court that when the trial court orally hears conflicting evidence in equity cases, as here, a finding of the trial judge will not be disturbed unless there is a decided preponderance of the evidence against its correctness. Bogan v. Daughdrill, 51 Ala. 312(5).

On the issues of fact presented by the evidence, we cannot say there is a clear, decided preponderance against the conclusions attained by the trial judge in the instant case. We may differ with the trial judge as to his findings, but on such difference we will not disturb his conclusions. Such findings on the conflicting evidence were not clearly erroneous, or against the preponderance of the evidence. Joiner v. Watkins, 186 Ala. 211, 65 So. 135; Vol. 2A, Ala.Digest, Appeal & Error, ⊂⊃1009 (3).

█ There are certain principles of law that apply in Alabama with respect to the maintenance and support of a minor child of divorced persons. When a divorce decree, as here, embraces the subject of an infant's maintenance, the Chancery Court, without reservation of power, may on a change of circumstances, at any time thereafter, modify its decree to meet changed conditions. Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212(1); Bridges v. Bridges, 227 Ala. 144, 148 So. 816(1).

█ Minor children of divorced parties are not bound by a contract into which they (the parties) entered into, nor by the decree in agreement therewith. Worthington v. Worthington, 218 Ala. 80, 117 So. 645(4).

The trial court here, in accordance with its findings as to the agreement of the parties, has decreed that the money amounting to $7,000, in possession of appellant, be applied as a lump sum settlement of future support installments formerly decreed by the court. It will be here noted that appel-

lant, by her admission at the trial, had possession of the $10,000 which was delivered to her.

While we are unwilling to disturb that part of the decree, we are aware that the lower court at some future date may vacate or modify such decretal order should circumstances or changed conditions demand. The wisdom of judicial approval of this lump sum payment is questionable, especially since the court did not reserve to itself adequate supervision and control over the administration or expenditure of said money.

██ Appellee sought with success the court's approval of this lump sum payment, but in doing so, the trial court did not abrogate its authority, should the money not be wisely spent or cautiously preserved, or should changed conditions occur, to require appellee to make additional support payments. In other words, appellee cannot escape his legal obligation to support his child in a reasonable way and commensurate with his financial ability, by making a lump sum payment with the approval of the trial court. The minor child is not irrevocably bound by the decree effectuating the alleged agreement of the parties. Worthington v. Worthington, supra.

█ Petitioner is lawfully and properly in equity to modify the original decree for maintenance and support of the minor child. Hardy v. Hardy, supra; Moore v. Moore, 255 Ala. 393, 401, 51 So.2d 683. We observed and quoted with approval in the case of Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558(11), as follows:

"'It is a familiar principle that equity grants full relief when it has jurisdiction on any equitable ground to grant any relief. Having assumed jurisdiction of a part the court will determine all the interrelated equities of the whole. "Equity delights to do justice, and not by halves." The bill in the instant case is based upon these fundamentals and will avoid multiplicity of suits. * * *'"

■ If there was no interrelated equity here involved, there was certainly a legal duty to return the $3,000 to appellee. Such a duty would fall within the principle that where equity has duly taken jurisdiction, it retains jurisdiction for all purposes, whether the relief is equitable or legal. Montgomery v. Montgomery, 261 Ala. 416, 74 So.2d 254(6).

■ Here, equity took jurisdiction, and lawfully so, to approve an agreement of the parties as to $7,000 of the money. We see no reason why it could not complete the job by ordering appellant to pay over the remainder of the special deposit to appellee. Again, we note that appellant testified that she was in possession of the entire special deposit or bailment of $10,-000. Equity in the instant case was empowered to order the payment of $3,000, either under the principle of a related equity or a legal duty.

■ We are not in accord with that part of the decree which orders appellant to pay $1,050 to appellee. This amount represents fourteen monthly installments, starting with the date of the alleged agreement with respect to $7,000 of the special deposit, that appellee elected to pay in satisfaction of maturing installments, pending suit, for the support and maintenance of his minor child pursuant to the terms of a decree of the lower court.

This money in a sense was the property of the minor, for her maintenance and support, although paid to the mother for administration and expenditure. The child is neither a party to this suit, nor is she represented by guardian ad litem. She is a ward of the court and entitled to its protection.

■ While we have held that where the support installments to a minor that mature before a petition to modify is filed are immune from change (Scott v. Scott, 265 Ala. 208, 90 So.2d 813(2)), we are here unwilling to hold that the petitioner, for modification, is entitled to a refund of the payments, made after petition was filed, that he elected to pay. We think this court has a duty ex mero motu to protect the welfare of its minor ward who is before the court. Pritchett v. Dixon, 222 Ala. 597, 133 So.2d 283(7); Doss v. Terry, 256 Ala. 218, 54 So.2d 451(3).

It is to be noted that the alleged agreement between appellant and appellee, according to the latter's contention, was that $7,000 of the special deposit was to be applied as a lump sum settlement in lieu of future installments, but, so far as the record shows, nothing was said between the parties about a refund of installments paid during the pendency of the petition for modification.

Even if there were such an agreement, we wouldn't honor it as being in the best interests and welfare of the minor, whom we are lawfully enjoined to protect after the court has assumed jurisdiction of such welfare. A refund would have to come out of the $7,000 for the reason that appellant is not personally bound to make refund from her own assets.

We direct that upon remandment of this cause, the trial court will amend its decree by expunging therefrom paragraph two of the formal adjudication with respect to the payment of $1,050 to appellee.

The decree of the court with respect to paragraph two, which orders the payment of $1,050 to appellee, is reversed and remanded for compliance with the direction in the preceding paragraph. The remainder of the decree is affirmed.

All the court costs incident to the trial in the lower court and to this appeal, including the costs of this court, are taxed against appellee.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed in part, and reversed and remanded in part, with directions.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and COLEMAN, JJ., concur.

ON REHEARING.

PER CURIAM.

The trial judge heard the evidence ore tenus, and had a decided advantage over this court in evaluating the evidence. We are unwilling to say that such evaluation did not meet the test that such evidence must be clear and definite, leaving no room for reasonable doubt as to the existence of the trust. Dupont v. Jonet, 165 Wis. 554, 162 N.W. 664(1); Russell's Ex'rs v. Passmore, 127 Va. 475, 103 S.E. 652(1); Pitts v. Weakley, 155 Mo. 109, 55 S.W. 1055.

Opinion extended. Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and COLEMAN, JJ., concur.