269 So.2d 884

**Shirley H. COCHRAN, Jr.**

v.

**Alice Lee COCHRAN, Now Alice Lee Jordan.**

**I Div. I2.**

Court of Civil Appeals of Alabama.

Jan. 20, 1970.

Rehearing Denied Feb. 11, 1970.

Hamilton, Butler, Riddick & Latour, Mobile, for appellee.

Vickers, Riis, Murray & Curran, Mobile, for appellant.

Gordon B. Kahn, Mobile, Guardian Ad Litem for Shirley H. Cochran, III, a/k/a John Michael Jordan and Willis K. Cochran, a/k/a Willis K. Jordan.

**WRIGHT, Judge.**

This matter began by petition for separate maintenance and support filed by Alice Lee Cochran, now Jordan, in the Mobile Circuit Court, In Equity. The original bill of complaint was subsequently amended to seek an absolute divorce. Respondent, Shirley H. Cochran, Jr. filed an answer and waiver to the amended bill of compaint to which there was attached, and incorporated therein, an agreement signed by both parties.

The case was submitted to the court on the bill of complaint, answer and testimony heard orally before the court.

On June 21, 1963, a decree was entered granting a divorce to Alice Lee Cochran and the custody of the two minor children of the parties. The agreement of the parties attached to the answer of respondent was ratified, affirmed and incorporated into and made a part of the decree. Since the agreement of the parties, as incorporated in the decree, and its interpretation by the court in its later decree, is the foundation of this appeal, we set it out here in its entirety.

"STATE OF ALABAMA
COUNTY OF MOBILE

### AGREEMENT BETWEEN PARTIES
(ATTACHED TO ANSWER, WAIVER AND AGREEMENT)

"THIS AGREEMENT made and entered into in triplicate this 30th day of March, 1963, by and between ALICE COCHRAN, hereinafter called the 'wife', and SHIRLEY H. COCHRAN, hereinafter called the 'husband'.

### WITNESSETH

"THAT, WHEREAS, the parties hereto were lawfully married to each other on December 29, 1956, in Arlington County, Virginia, and lived together as husband wife until, to-wit, the 23rd day of September, 1961, since which time they have lived and are now living separate and apart; and

"WHEREAS, there were two (2) children born to them of said marriage; and

"WHEREAS, the wife has filed in the Circuit Court of Mobile County, Alabama, In Equity, a bill for support and maintenance and intends to amend said bill asking for a divorce, custody of the children and a property settlement; and

"WHEREAS, it is the desire of both parties to finally and for all time settle and determine their property rights, child custody, alimony, maintenance and support of the children, all dower and homestead rights, together with any and all other

rights existing between the said parties growing out of the marriage relations that may have heretofore existed between them;

"NOW THEREFORE, for and in consideration of the mutual desires of the parties hereto, it is herein and hereby agreed by and between the parties hereto that they do bind and obligate themselves as follows:

"1. The wife is to have the legal care, custody and control of the two (2) children born of the marriage of the parties hereto, which children's names and ages are:

"Shirley H. Cochran, III—Four (4) years of age.

"Willis K. Cochran—Two (2) years of age.

It is agreed by the parties hereto that the husband is to have the right to see and visit said children at any and all reasonable time.

"2. It is acknowledged by the husband that all of the furniture and related items of personal property located in the house at 2757 Kreitner Street, Mobile, Alabama, belong to the wife and to the extent necessary these presents shall constitute a bill of sale to her thereof.

"3. The 1959 Plymouth Station Wagon, Serial No. ———, is acknowledged to be the property of the wife, the same having been purchased for her by the husband. Since the current license registration was issued in the name of the husband, there is delivered concurrently herewith a bill of sale to enable the license registration to be changed to the name of the wife. In the event there is a mortgage or any sum due by virtue of the purchase of said Plymouth Station Wagon, the husband does hereby agree to pay said sum in its entirety.

"4. The husband agrees to pay to the wife the sum of $150.00 per month for their said children, ($75.00 per child). The payment for support and maintenance of said children shall be payable as follows: On or before the 5th day of each month the husband is to pay to the wife the sum of $75.00. On or before the 20th day of each month the husband is to pay to the wife the sum of $75.00. The payments in this paragraph to continue until the wife is paid $50,000.00 as provided in Paragraph Six, and until the second mortgage, hereinafter referred to, shall have been paid by the husband, both as hereinafter provided.

"5. The home of the parties, located at 2757 Kreitner Street, Mobile, Alabama, is owned jointly by the parties with a right of survivorship; it is subject to a first and second mortgage. The husband does hereby agree to convey to the wife, by warranty deed, said homeplace and the wife does hereby agree to assume and promise to pay the unpaid balance due on said first mortgage according to the terms and conditions of said mortgage. The husband does hereby assume and promise to pay on or before August 5, 1965, the balance due, principal and interest, on that certain note made by him and payable to the order of The First National Bank of Mobile, in the original principal sum of $7,000, dated January 4, 1962, and secured by a second mortgage of even date therewith on the hereinafter discribed real property, which second mortgage is recorded in Real Property Book 297, Page 627 of the Records in the Office of the Judge of Probate, Mobile County, Alabama. The legal description of the homeplace is as follows: The following described real property located in Mobile County, Alabama, to-wit:

"Lot 14, Block "E:, Second Addition to Brookwood according to plat thereof, recorded in Map Book 8, page 155 of the records of the Office of the Judge of Probate, Mobile County, Alabama.

"6. The husband does hereby agree to pay to the wife on or before December 5, 1965, the sum of FIFTY THOUSAND and no/100 ($50,000.00) DOLLARS, for the use and benefit of the children.

"7. The husband agrees to pay to Harry H. Riddick and Sam M. Johnston, Jr. the sum of $1,000.00 on or before December 5, 1965.

"8. The husband does hereby agree to grant, bargain, sell, mortgage, pledge, assign, transfer, and convey unto the said wife all of his right, title and interest in, to, and under that certain trust established under the Last Will and Testament of Shirley H. Cochran, deceased, of which the Merchant's National Bank of Mobile is Trustee, as provided by that certain instrument, a copy of which is attached hereto and made a part hereof and designated as Exhibit "A:. The purpose of this instrument being to insure that Paragraphs Five, Six and Seven of this instrument are complied with.

"9. It is further agreed between the husband and wife that the terms of this agreement shall be entered as a part of any divorce decree between them.

"10. The husband is to pay the costs of said divorce proceedings and the wife waives her right to claim any alimony or support for herself.

"IN WITNESS WHEREOF, the said parties hereto, have hereunto set their hands and seals in triplicate on the day and year first written above.

"s/ Alice Lee Cochran  (SEAL)
Alice Lee Cochran
"s/ Shirley H. Cochran, Jr. (SEAL)
Shirley H. Cochran

"WITNESSES:
s/ Harry H. Riddick
s/ Sam M. Johnston, Jr."

There was attached to the agreement as Exhibit "A", a security instrument referred to in Paragraph 8. We will refer to this instrument in this opinion, but see no need to set it out in full.

On December 3, 1965, Shirley H. Cochran, Jr. filed a petition to modify the decree of June 21, 1963. This petition requested postponement of the payment of $50,000.00, as set out in Paragraph 6 of the above agreement. This petition was heard ex parte by the court on the date of its filing, and a decree entered modifying the decree of June 21, 1963, by providing that the sum of $50,000.00 not become due on December 5, 1965, but that Cochran continue to make monthly payments in accordance with the prior decree.

A copy of this petition to modify is indicated as mailed to counsel of all parties to the proceeding by United States mail on December 3, 1965. It should be noted here that the decree of modification was not rendered by the same judge who rendered the original decree.

On December 9, 1966, another petition to modify was filed by Shirley H. Cochran, Jr. This petition stated that Alice Lee Cochran had remarried and the two children had been adopted by her present husband. It requested that the support payments of $150.00 per month be stopped as of the date of the adoption, which was August 18, 1966, and that payment of the remainder of the $50,000.00 be ordered revoked and annulled and no longer in force and effect.

To this petition Alice Lee Cochran filed plea in abatement alleging failure of petitioner to pay the $7,000 second mortgage, and the $1,000 attorney fee as set out in the agreement and original decree; further, that petitioner was behind in monthly support payments and had not paid the $50,000.00 as agreed and decreed. It was also pleaded that the children were not parties to the petition.

The court held the plea in abatement insufficient. There was then filed a motion to dismiss, a motion for appointment of guardian ad litem for the children, and demurrer. The motion to dismiss and demurrer contained substantially the same matter as the plea in abatement.

The trial court overruled the demurrer; denied the motion to dismiss, but did appoint a guardian ad litem for the children, the Honorable Gordon B. Kahn.

An answer to the petition was filed by Alice Cochran and the Guardian Ad Litem. The answer of Alice Cochran admitted the adoption of the children by her persent husband, and then incorporated therein the plea in abatement.

Hearing on the petition and answers were held before the court on April 9, 1968, memorandum briefs were submitted by the attorneys and Guardian Ad Litem. Decree was entered by the court on November 21, 1968. It is from this decree that petitioner below, Shirley H. Cochran, Jr., brings this appeal.

Appellees are Alice Lee Cochran (Jordan) and Gordon B. Kahn as Guardian Ad Litem for Michael Jordan and Willis Kern Jordan, minors. Appellee briefs have been filed by both Alice Lee Cochran and Gordon B. Kahn, Guardian Ad Litem.

The decree below consists of eight and one half pages in the transcript. It recites most of the agreement incorporated in the original decree, which agreement has been set out hereinbefore. It recites that part of the agreement was executed in the delivery of Exhibit "A". It further sets out almost entirely the contents of appellant's first petition to modify, filed on December 3, 1965. The allegations of that petition were to the effect that at the time of making the agreement, it was contemplated that a trust fund in the amount of $236,000, set up by appellant's father for appellant's benefit, the corpus of which was to be distributed on August 5, 1965, would furnish the funds with which to fulfill the terms of the agreement. However, matters had developed which prevented settlement of the trust. Suits had been filed and other claims had arisen which had prevented appellant receiving the funds.

It was because of these problems that the first petition to modify had been filed and it now appeared that insufficient funds would ever be available from the anticipated source to pay the amount of the agreement.

The fact of the ex parte decree of December 3, 1965, is recited together with the remarriage of appellee, Alice Cochran, and the adoption of the children by her present husband. It shows that Alice Cochran's answer contends that the court is without authority to modify the original decree providing for payment of $50,000.00, on the ground that the agreement was a property settlement and not modifiable by the court. There is stated that the $7,000 note and attorney fees of $1,000 were never paid as agreed and ordered, and support payments ordered by the modification decree of December 3, 1965, were not all paid.

The remainder of the decree is now set out in full. It is too complicated to understand otherwise.

"12. That the Divorce Decree and Agreement incorporated therein constituted, or were in the nature of, a property settlement by and between the parties thereto, and as such, is not subject to modification by this Court. Duboise v. Duboise, 275 Ala. 220, 153 So.2d 778; Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; further that the right to receive such sum for the use and benefit of said minor children was a vested right under said Decree, subject only to reduction as to the amount and as herein provided; that the Divorce Decree, the prior Order Modifying Decree, and Agreement are to be construed so that the $50,-000.00 to be paid by Defendant to Complainant under the provisions of numbered paragraph 6 of the Agreement for the use and benefit of said minor children is to be reduced by any payments made by Defendant under either the provisions of numbered paragraph 2 of said Divorce Decree or prior Order Modifying Decree; that on or prior to December 3, 1965, Defendant paid Complainant the total payments of $4,350.00 under numbered paragraph 2 of said Divorce Decree, so that the unpaid balance thereof as of December 5, 1965, was $45,650.00; that the said unpaid balance, after allowing credit for payments made after December 3, 1965, should bear interest at the legal rate from December 5, 1965.

"THEREFORE, it is considered, ordered, adjudged and decreed by the Court as follows:

"A. That effective as of August 16, 1967, (the date of the Adoption of said minor

children by Charles Dixie Jordan) all obligation of the Defendant to continue to make monthly payments of $150.00 to Complainant for the support and maintenance of said minor children, under the Court's prior Modification of the Divorce Decree, ceased and terminated.

"B. That under the Court's Order of December 3, 1965, modifying the Divorce Decree, there is due and unpaid from Defendant to Complainant payments in the total amount of $975.00, (being thirteen (13) payments of $75.00 each due December 5, 1965, February 5, 1966 and the 5th and 20th days of March, April, May, June and July of 1966, and on the 5th day of August, 1966) which sum Defendant is hereby ordered to pay to Complainant for the support and maintenance of said children prior to August 16, 1967.

"C. That portion of Defendant's Prayer for Relief in his Petition to Modify Decree now before the Court, wherein he seeks modification of the Divorce Decree so as to cancel and annul his obligation to pay to Complainant for the use and benefit of said minor children the $50,000.00 provided in numbered paragraph 6 of the Agreement, shall be and is hereby denied.

"D. That Defendant shall be allowed credit on the $50,000.00 payment provided for in numbered Paragraph 6 of the Agreement for all payments heretofore or hereafter made by him under either Paragraph 2 of the Divorce Decree or the Prior Order Modifying Decree.

"E. That from and after December 5, 1965, Defendant shall pay to Complainant interest at the rate of six per cent (6%) per annum upon the balance of said $50,-000.00 to be paid by Defendant to Complainant under Paragraph 6 of the Agreement remaining unpaid from time to time, until the full amount of $50,000.00 (including prior payments) plus interest as aforesaid, is paid in full. That after allowing Defendant credit for payments on or prior to December 5, 1965, the balance of said $50,000.00 remaining unpaid as of December 6, 1965, is fixed by the Court to be in the sum of $45,650.00. That in thereafter computing such balance, and the interest to be paid thereon, Defendant is to be allowed credit for payments thereafter made by him under the Prior Order Modifying Decree. That the Court fixes such payments as being four (4) payments in the amount of $75.00 each, one of which was made on December 20, 1965, January 5 and 20, and February 20, 1966.

"F. That the Guardian ad Litem's fee herein is fixed by the Court at the sum of TWO HUNDRED FIFTY ($250.00) DOLLARS, which fee shall be taxed as a part of the cost herein.

"G. That the Defendant pay to Complainant as a fee for her Solicitors herein, Messrs. Hamilton, Denniston, Butler & Riddick, the sum of SEVEN HUNDRED FIFTY ($750.00) DOLLARS, for additional legal services rendered in this cause.

"H. That Defendant is hereby ordered and directed to pay to Harry H. Riddick and Sam M. Johnston, Jr., the sum of $1,000.00 as he agreed to do in numbered Paragraph 7 of said Agreement, together with interest thereon at the rate of six percent (6%) per annum from and after December 5, 1965.

I. The Defendant is hereby ordered and directed to pay the balance due on the second mortgage note as he agreed to do on Paragraph numbered 5 of said Agreement.

"J. Except as to the payments provided for in Paragraph B above, the payment of the balance of the $50,000.00 provided for in Paragraph numbered 6 of said Agreement is not presently due and payable, but is postponed until further order of the Court, it being agreed and understood that the Defendant remains under the prior order of this Court to notify the Court upon the final determination of the law suit filed against him in the United States District Court of Joseph A. Crane, Trustee in Bankruptcy for S. H. Cochran Furniture Company, Inc.

**186**

"K. That the cost of Court accrued herein be and the same hereby is taxed against Defendant.

"L. For the collection of all amounts presently due hereunder and for the cost herein let execution issue.

"DATED, November 21, 1968.

"s/ Ferrill D. McRae
JUDGE".

Appellant filed 7 assignments of error, all directed to the final decree.

The first assignment is that the trial court erred in finding in the decree that "the divorce decree and agreement incorporated therein constituted, or were in the nature of, a property settlement by and between the parties thereto, and as such, is not subject to modification by this court."

■ In support of this assignment of error, appellant insists that the decree is modifiable since it relates in part to the custody and support of the children, and that the words "or use and benefit of the children," follows the agreement to pay appellee $50,000.00 on or before December 5, 1965.

We must agree with appellant that insofar as the custody and support provisions contained in Paragraphs 1 and 4 are concerned, the decree is modifiable. It is so well settled in this state that custody and support provisions of minor children are subject to change upon showing of circumstances warranting such change, we need only cite the following: Whitt v. Whitt, 276 Ala. 685, 166 So.2d 413; DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778; Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737.

We do not consider that the trial court literally meant what it said in this respect, for it then proceeded in the decree to modify its original decree. We consider that the meaning of the statement in the decree that "the Divorce Decree and Agreement incorporated therein constituted, or were in the nature of, a property settlement * * *

*and as such,* is not subject to modification by this Court * * *." (Emphasis ours), was that the part of the decree and agreement which was a property settlement was not modifiable. The use of the words "and as such", clarifies the intent of the trial court.

■ It is the law in this state that a property settlement agreement incorporated in a divorce decree is final and not modifiable. DuBoise v. DuBoise, supra; Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911.

■ We must now proceed to examine the agreement to determine if it contains a property settlement and determine the intent of the parties therein.

"The cardinal rule is to ascertain the intention of the parties, which is to be gleaned from the language of the contract, the subject matter, the end in view, and the situation of the parties at the time." 24 Am. Jur.2d Sec. 904.

The 4th unnumbered paragraph of the agreement sets out the intent of the parties very clearly. It has already been set out in the opinion, but we quote it again for convenience of reference.

"* * * WHEREAS, it is the desire of both parties to finally and for all time settle and determine their property rights, child custody, alimony, maintenance and support of the children, all dower and homestead rights, together with any and all other rights existing between the said parties growing out of the marriage relations that may have heretofore existed between them; * * *."

This paragraph of intent, and those paragraphs of fulfillment following, clearly satisfy the necessary elements of a property settlements as stated in 24 Am.Jur.2d Section 883, and as quoted in appellant's brief:

"* * * a true property settlement settles property rights, but says nothing about custody or support of children, alimony, or the right to live apart. It should have a consideration entirely sepa-

rate from that provided for a separation agreement. Commonly, such a settlement (1) determines the rights of the parties in jointly owned property and states the disposition to be made of it; (2) settles all claims of each spouse in the property of the other and claims of each spouse to title to property held in the name of the other; (3) mutually releases all past and present claims except as established by the agreement; (4) waives and releases all future rights as spouse in the property of each other; (5) surrenders the rights of each on the death of the other, including rights of inheritance, homestead, dower, and the right to administer the estate of the other and to have exemptions and allowances from the estate; and (6) agrees that each will execute all documents necessary or desirable to carry out the purposes of the agreement."

The inclusion of efforts to finalize custody and child support in the agreement does not, in our opinion, alter the force of and impact of it. It is clear that the wife gave away every right she had, or might have in the future, resulting from the marriage to appellant. The fact that the main consideration for her agreement was the payment by appellant to her of $50,000.00 for the use and benefit of the children does not affect the nature of the agreement. She could have contracted for such sum to be paid to any third person or persons, or given to charity, if she desired, and it was agreed between the parties. The recipient of the consideration for her agreement was unimportant and in our opinion would not affect the validity nor the finality of appellant's obligation, especially after acceptance and incorporation into the court's decree.

"Questions relating to the construction, operation and effect of separation agreements between a husband and wife are governed, in general, by the rules and provisions applicable in the case of other contracts generally." 24 Am.Jur. 2d. Section 904.

The court does not have to accept the agreement of the parties, but if it does it is final as to rights of the parties as between themselves. "Minor children of [divorced] parties are not bound by a contract into which they (the parties) entered, nor by the decree in agreement therewith." Worthington v. Worthington, 218 Ala. 80, 117 So. 645(4); Hall v. Hall, 280 Ala. 275, 192 So.2d 727.

The Supreme Court of Alabama in the case of Worthington v. Worthington, supra, stated "This agreement between her parents as to the amount to be paid for her support and maintenance is not binding on her, and a court of equity will not permit a decree in pursuance of that agreement in divorce proceedings between her parents to jeopardize her future well-being, welfare, education or health. It will be considered final for the present rights of the parties, but not permanent for subsequent conditions and circumstances which might arise affecting the future health and welfare of the child." (To paraphrase the above quotation.) In agreements amounting to property settlements and containing provisions for support payments for children, a decree incorporating the agreement is final as to the parents and will be considered final as to support and maintenance of the children until such time as changed circumstances, affecting the future of the child, warrant a change in support and maintenance. They may then, upon a showing of changed circumstances be increased as necessary for the welfare of the child.

Upon these authorities, and others not cited, we are of the opinion that the essence of the agreement in this case constituted a property settlement and that as between the parties, became final and unmodifiable except by agreement. Paragraph 1, relating to custody of the children was final, when incorporated in the decree of divorce, until such time as a showing of circumstances affecting the welfare of the children was shown to the court. Under

such circumstances the court could modify as to custody.

■ Paragraph 4, as it relates to monthly support for the children, was modifiable from the date of the decree, upon showing of changed circumstances affecting the welfare of the children, up until December 5, 1965, the date set for the payment of the $50,000.00. The sum of $50,000.00 became due as of that date and constituted a final and non-modifiable judgment. In fact, as part of a property settlement agreement it was a contractual obligation to pay from its inclusion in the decree, and its due date nor amount could not be modified by the court. Since it was not paid when due, the court, for the protection of the welfare of the children, could and did decree the continued payment of the monthly support payments.

The decree postponing the payment of the $50,000.00 to appellee was without effect in that respect.

■ The payment by appellant of the $7,000 on the second mortgage on the home deeded to appellee, Alice Cochran, was a part of the property settlement agreement, and non-modifiable and became due August 5, 1965.

■ The payment of the $1,000.00 attorneys' fee was a part of the property settlement agreement, and became due on December 5, 1965, and was final and non-modifiable.

■ We inject a corollary here on the question of power of modification of property settlements. We have discussed authority to modify a final decree which incorporates an agreement of property settlement between the parties. It is equally true that a property settlement in a final divorce decree, without benefit of agreement, is non-modifiable after the expiration of thirty days, except for fraud. Had the trial court set the terms as incorporated in the divorce decree as its own finding of a proper property settlement between the parties, it could not modify after thirty days, except for fraud. DuBoise v. Du-Boise, supra. Of course, this rule, as stated before, does not affect the inherent right of the court to modify support or custody as the welfare of the child requires.

Assignment of Error 2 is very similar to assignment 1. It is to the effect that the court was in error in finding that the right to receive the sum of $50,000.00 for the use and benefit of the children was a vested right, subject only to reduction in amount by the monthly payments already made.

We have previously determined that the $50,000.00 payment was a part of a property settlement and not modifiable. Thus, it follows that it was a final judgment and became payable December 5, 1965.

■ The question as to it being a reducible by the amounts of monthly payments already made is well put. However, we do not decide this question in such manner as to benefit appellant. The court below was in error in crediting the monthly payments made to the payment of the $50,000.00. The agreement clearly states that the support payments of $150.00 per month were temporary, and were to "continue until the wife is paid the $50,000.00 as provided in Paragraph 6, and until the second mortgage, hereinafter referred to, shall have been paid by the husband, both as hereinafter provided." The mortgage was to be paid on August 5, 1965. The $50,000.00 was to be paid on December 5, 1965. It was clearly not anticipated that there was to be any deduction from either payment. Appellant failed to pay either sum when due, and has not done so to the time of this appeal. He is entitled to no credit for monthly payments. The trial court's decree must be amended in this respect.

■ We said earlier in this opinion, that we must look to the intent of the parties who made this agreement, and to the conditions existing at the time. We are certain that the instrument alone discloses that intent, however, we will glance in passing at the situation of appellant at the time.

That situation is very clearly shown by the contents of his petition to modify, filed on December 3, 1965. We quote here Paragraph 4 of that petition:

"4. That at the time said decree was rendered, it was contemplated by the parties and by the Court that the defendant would, on August 5, 1965, receive the corpus of a testamentary trust under the will of his father, of the value of approximately Two Hundred Thirty-six Thousand ($236,000) Dollars, subject to the provisions of a deed of trust to Erling Riis, Jr., as explained in paragraph six (6) hereof;"

The averments of appellant in this petition, and the record in other areas state that appellant expected, at the time of the agreement, to receive on his 30th birthday, August 5, 1965, the corpus of a trust amounting to almost a quarter million dollars. He was clearly contemplating disposing of his obligation as a husband and father for about one-fifth of his inheritance. The fact that it later developed that he had already obligated much of it, and the trust could not be settled on time, is no reason to nullify his contractual obligations to his former wife.

■■■■■ Appellant's assignment of error 3, has been determined already in this opinion adversely and will not be further commented upon. We will state that there is no question but that the adoption of appellant's children terminated his obligation for additional support from August 18, 1966. Since the $50,000.00 became due, and a final judgment as of December 5, 1965, the adoption has no effect on this obligation.

■■■■ Assignment of error 4 alleges error in that portion of the decree ordering the payment of interest at the rate of 6% per annum on the unpaid balance of the award, from December 5, 1965.

We consider this part of the decree unnecessary since a final judgment carries interest at 6% from date of entry, or date due, as a matter of law. Tit. 9, Sec. 63, Code of Ala.1940. It is not necessary to set out this in the judgment. However, there is no error in doing so. This part of the decree will require amendment in accordance with our prior holding, that there is no credit to be granted on the $50,000.00, because of monthly payments before or since December 5, 1965.

■■■■ Assignment of error 5 challenges that part of the decree granting $750.00 to appellee as a fee for her attorney representing her on the petition to modify.

Appellant insists this is error because he clearly is unable to pay such fee, as he has not been financially able to pay the monthly support, nor the original fee of $1,000.00.

We do not find the lower court in error in this respect. There was evidence before it that appellant makes $10,000.00 per year selling insurance, and he made no showing of his financial condition. The granting of such fee is within the discretion of the court and we find no abuse of that discretion.

Assignments of error 6 and 7 are respectively, that the court erred in the appointment of a guardian ad litem for the minor children, and the awarding of a fee to the guardian ad litem of $250.00 to be paid by appellant.

■■■■ It is our opinion that the appointment of a guardian ad litem was not necessary to protect the interest of the children, as they are wards of the court and entitled to its protection. Hall v. Hall, 280 Ala. 275, 192 So.2d 727. We do not concede error in the court having appointed such guardian ad litem. Such appointment was without injury to appellant.

■■■■ Since the minor children were not parties to the suit between the parents, no guardian ad litem was required under Rule 7, Equity Rules, Title 7, Code of Alabama 1940.

Children of parties to a divorce action are not parties themselves. Hall v. Hall, supra.

■ We therefore hold that since the appointment of the guardian ad litem was not required, the court was in error in awarding the guardian ad litem a fee.

■ To summarize our opinion, we hold that the agreement incorporated in the divorce decree was a property settlement in all respects, except for the provisions relating to the support of the children in Paragraph 4. As a property settlement, it was not modifiable by the court. The decree of December 3, 1965, was a nullity in that portion which directed the postponement of the due date of the $50,000.00. Although we need not decide for the purpose of this appeal, we would question the propriety and probably the validity of the decree of December 3, 1965, because it was ex parte. We are inclined to the belief that in instances which do not involve the immediate welfare of minor children, a decree affecting property rights rendered ex parte is on shaky grounds on the constitutional basis of due process.

We further hold that the sums set out in Paragraphs 5, 6, and 7 are due as final judgments, and cannot be reduced by crediting any payments made as child support; that it is unnecessary to set out in the decree provisions for the payment of interest on these sums; that the allowance of a fee for the unnecessary services of the guardian ad litem, though helpful to the court he may have been, is improper and should not be granted. It follows that the motion for fee for guardian ad litem on appeal must be denied.

■ The motion to award appellee an attorneys' fee for their services on appeal is hereby granted, and it is the opinion of the Court that reasonable fee for such services is $300.00, and the Court hereby grants said fee to be taxed against appellant.

The decree of the court below is affirmed in part and reversed in part and the cause is remanded for further proceedings in compliance with this opinion.

Affirmed in part, reversed in part and the cause is remanded for further proceedings in compliance with this opinion.

## ON REHEARING

PER CURIAM.

We have fully considered appellant's application for rehearing and brief in support thereof.

The point is raised by appellant on application for rehearing that this Court, in its original opinion, went beyond its authority in holding error in the trial court's decree, allowing deduction from the sum of $50,000, the amount paid by appellant as monthly support payments. It is contended that since there was no cross-assignment of error by appellee as to that portion of the decree, there could be no correction by this Court on appeal.

■ We must disagree with appellant. We fully realize the general rule that no error will be considered on appeal unless assigned by appellant or cross-assigned by appellee.

■ We call appellant's attention to his Assignment of Error Number 2, which states:

"2. The Court committed prejudicial error in its final decree in paragraph twelve (12) thereof in finding in part as follows, 'further that the right to receive such sum for the use and benefit of said minor children was a vested right under said decree, subject only to the amount and as herein provided; * * *'"

This assignment of error specifically includes that portion of the lower court's decree ordering the deduction of the support payments. We consider that the error is sufficiently raised so that it should be considered. The fact that that particular part of the decree was not desired by appellant to be modified on appeal has no bearing. We intend to avoid, so far as possible, in-

consistencies in our decisions. It would have been clearly inconsistent to hold that the sum of $50,000 was due appellee as the result of a non-modifiable property settlement agreement, and allow to stand that portion of the decree deducting a substantial sum from it.

We consider it the duty and authority of an appellate court to fully determine the issues raised by appeal, directly or indirectly, and not to rely on strained interpretations of rules of procedure to avoid doing so.

It was necessary, to the complete disposition of the issues raised by appellant's own assignment of error, for the Court to rule as it did on this point.

Opinion extended; application overruled.