314 So.2d 695

**Conrad W. RAFIELD, Jr.**

v.

**Allen A. JOHNSON, Jr., as Executor, etc., et al.**

SC 938.

Supreme Court of Alabama.

May 8, 1975.

Rehearing Denied June 5, 1975.

John S. Foster and W. W. Conwell, Birmingham, for appellant.

William K. Murray, James J. Robinson, Birmingham, for appellees.

plemental decree of the Circuit Court of Jefferson County, rendered in favor of the plaintiffs. We affirm.

The decrees order Rafield to execute an irrevocable trust in favor of his children, Margot Rafield and Conrad W. Rafield, III, the corpus to consist of a five-percent interest in the Birmingham Coca-Cola Bottling Company, a partnership, and the proceeds from the sale of five shares of stock of Crawford Johnson & Company, a corporation. The decrees also require Rafield to account for and pay over to the trust all partnership distributions from the Birmingham Coca-Cola Bottling Company and all dividends from Crawford Johnson & Company received by him from April 12, 1967, until the date of the decree. (A $5,000.00 fee for complainant's attorney was also assessed against Rafield as part of the court costs.)

The corpus of the trust came to Rafield as a gift in April, 1967, from Mr. and Mrs. Allen A. Johnson, Sr., the parents of Caroline Johnson Rafield, Rafield's former wife. The trust indenture which Rafield was ordered to execute for the benefit of his children was prepared in December, 1968, by Rafield's attorney at Rafield's request.

Plaintiffs, Mrs. Allen A. Johnson, Sr., Allen A. Johnson, Jr., and First National Bank of Birmingham, brought this action to enforce the alleged trust as executors of the estate of Allen A. Johnson, Sr., deceased. Mrs. Allen A. Johnson, Sr., also sues individually and as next friend of her grandchildren, the minor plaintiffs, Margot Rafield and Conrad W. Rafield, III. The First National Bank of Birmingham also sues as named trustee of the written trust indenture.

The issue tried and presented to the trial court, sitting without a jury, was whether the gift of the stock and partnership interest to Rafield from Mr. and Mrs. Allen A. Johnson, Sr., was absolute or whether it was conditioned upon Rafield's express promise to place the property in an irre-

BLOODWORTH, Justice.

This is an appeal by defendant Conrad W. Rafield, Jr. from a final and a sup-

vocable trust for the benefit of his children, the Johnsons' grandchildren.

In his final decree, the trial judge expressly found, *inter alia*:

"* * *

"The Court finds that the gift was conditioned upon the parol understanding between the grantors and the donee that a trust for the benefit of the said minors would be established and that the said donee, Conrad Rafield, Jr., was in full accord with this condition and agreed to execute a trust agreement, in writing, which was prepared for his signature and which he has refused to execute."

In the supplemental decree, the court found, *inter alia*:

"The Court expressly finds that Complainants' Exhibit 3 is a copy of an Indenture of Trust which embodies those basic terms and conditions of trust specified by and among the donors, Mr. and Mrs. Allen A. Johnson, to be the terms of the Trust to be established by their son-in-law, Conrad W. Rafield, Jr., for his children and the donors' grandchildren, Conrad W. Rafield, III, and Margot Rafield, and contains all of the terms, conditions, powers and authorities agreed to by Respondent Rafield as a condition for accepting said partnership interest from Mr. and Mrs. Allen A. Johnson.
* * *"

On this appeal, the sole issue raised by Rafield's assignments of error, and the arguments addressed thereto, is whether or not the evidence is sufficient to support the findings of fact upon which the trial court's decree is based. No contention is made that a gift of personal property cannot be subject to an oral condition or that an oral condition such as the one in the instant case cannot be specifically enforced.

At oral argument, counsel for Rafield contended that the judgment did not conform to the pleadings. Regardless as to whether this is true or not, the judgment is supported by the evidence. No objection to evidence outside the scope of the pleadings has been called to our attention. Thus, it would appear that the issues presented by the evidence and decided by the trial judge were tried with the implied consent of Rafield. Under these circumstances the failure, if there be such, of the evidence to conform to the pleadings does not affect the result of the trial of these issues. Rule 15(b), *A.R.C.P.*

The instant lawsuit arose out of the following factual context.

In April, 1967, while Rafield and the Johnsons' daughter Caroline were still married, the Johnsons invited them to their home for dinner. At this time the Johnsons informed the Rafields that they were going to give Conrad W. Rafield, Jr., five shares of stock in Crawford Johnson & Company and a five-percent interest in the Birmingham Coca-Cola Bottling Company, three shares and three percent from Mrs. Johnson and two shares and two percent from Mr. Johnson.

These companies own the local Coca-Cola franchise and operate related businesses. The businesses were founded by Crawford Johnson, Sr., who had two sons, Crawford, Jr., and Allen, Sr. Forty percent of the business passed to each son and the remaining 20 percent to a family in Tennessee. The ownership ratio between Crawford, Jr., family and Allen, Sr., family remained the same until Rafield received his stock and partnership interest.

Subsequently, a five-share stock certificate naming Conrad W. Rafield, Jr., as owner, was delivered to Rafield at his company office, and the partnership books were changed to reflect his five-percent interest therein.

In June, 1970, the Rafields were divorced for the third and final time. In early 1973, Rafield sold the five shares of stock to one James Lee, the chief competitor of Crawford Johnson & Company and the Birmingham Coca-Cola Bottling Company. This lawsuit followed. [Lee was originally a defendant but was dismissed when he

agreed to sell the stock to the estate of Allen Johnson, Sr.]

To support the findings of the trial court, the appellees rely principally on the testimony of Mrs. Allen Johnson, Sr., Caroline Johnson Rafield, and attorney William Bew White.

Mrs. Johnson and Mrs. Rafield both testified that on the night the Johnsons told the Rafields of their intention to make the gift, Rafield expressly agreed that as a condition of the gift, he, Rafield, would put the property in an irrevocable trust for the benefit of his children, Margot and Conrad, III.

Caroline Rafield also testified that, after the gift was made, her former husband stated on numerous occasions that he was going to create the trust and on one occasion told her that he had done so.

Mrs. Allen A. Johnson, Sr., recounted a conversation with her former son-in-law (in early 1973 after the death of Allen Johnson, Sr.) in which Rafield asked her for a loan and told her that without the loan he would have to sell the stock although it was not his to sell.

Attorney William Bew White and his law firm have represented the Johnson family companies, the members of the family, and company employees for many years. He testified that in December, 1968, he prepared an irrevocable trust indenture at Rafield's request which was never executed by Rafield. The trust indenture named First National Bank of Birmingham, as trustee, and Margot Rafield and Conrad Rafield, III, as beneficiaries. The trust corpus was the Crawford Johnson & Company stock and the Coca-Cola partnership interest.

The trust indenture was found by the trial court to contain the terms to which Rafield agreed with Mr. and Mrs. Allen Johnson, Sr., and is incorporated in the decree. It is the trust indenture which Rafield has been ordered by the court to execute. The trial judge found, *inter alia*:

"* * * The grandparents of the minors, who were the grantors of the said partnership interest, were very evidently concerned with two primal considerations in their bestowal of the gift to their son-in-law, Conrad Rafield, Jr., namely, firstly, a desire to establish him more firmly in the family circle and prevent the continuing strife between him and their daughter as evidenced by their divorces and re-marriages, and to accord to him a degree of self-confidence and prestige which would be a natural result of his part ownership in this important and publicly well-known partnership, and, secondly, a desire to insure that the income from the partnership interest would be utilized by the father-beneficiary for the welfare and benefit of *their* minor grandchildren.

"The Court finds that the gift was conditioned upon the parol understanding between the grantors and the donee that a trust for the benefit of the said minors would be established and that the said donee, Conrad Rafield, Jr., was in full accord with this condition and agreed to execute a trust agreement, in writing, which was prepared for his signature and which he has refused to execute."

Rafield appears to contend that the alleged condition on the gift was trumped up by the Johnson family and company officials in 1973 to regain control of the stock and the partnership interest when they discovered Rafield had sold the stock to Coca-Cola's number one Birmingham competitor.

Rafield argues that the testimony of the plaintiffs' witnesses is self-serving and is not supported by the conduct of the witnesses between the date of the gift in 1967 and the date suit was filed in 1973.

The oral testimony in the instant case is conflicting. The testimony of plaintiffs' witnesses directly supports the express findings of fact made, and conclusions reached, by the trial court. The testimony

of defendant Rafield and reasonable inferences to be drawn therefrom, as well as testimony of other witnesses and the documentary evidence would tend to contradict the trial court's findings.

■ Our rule is that when the evidence is heard *ore tenus,* every presumption will be indulged in favor of the trial court's findings of fact, which will not be disturbed on appeal unless plainly and palpably erroneous. *Baldwin v. Odom,* 291 Ala. 129, 278 So.2d 713 (1973). This rule is especially applicable when, as here, the oral testimony of witnesses is in direct conflict and some of the testimony supports the trial court's findings. *Nelson Weaver Mortgage Co. v. Dover Elevator Co.,* 283 Ala. 324, 216 So.2d 716 (1968). ·

Nevertheless, Rafield argues that when the factual issue is the existence vel non of an oral condition of trust on what otherwise appears to be an absolute transfer, the evidence must be clear and definite, leaving no reasonable doubt as to the existence of the trust condition, citing *Hall v. Hall,* 280 Ala. 275, 192 So.2d 727 (1966). In *Hall,* supra, the issue was whether a payment by a man to his estranged wife was an absolute gift or whether the gift was conditioned on the wife's promise to hold the payment in trust for their minor child. On conflicting evidence, the trial judge found the existence of the oral condition of trust. On appeal, the trial court's decree was affirmed on the basis of the above stated *ore tenus* rule. In her rehearing application, the appellant contended that the appellee's evidence failed to meet the burden of proof required in actions to enforce an oral trust of personalty. In denying the application for rehearing, the court held:

"The trial judge heard the evidence ore tenus, and had a decided advantage over this court in evaluating the evidence. We are unwilling to say that such evaluation did not meet the test that such evidence must be clear and definite, leaving no room for reasonable doubt as to

the existence of the trust. (Citations omitted.)" *(280* Ala. at *281,* 192 So.2d at *732).*

In the instant case, the trial judge concluded his findings of fact with the following:

"The law in the State of Alabama requires that, when parties seek to establish a trust in personalty by parol, the test that the evidence must meet is 'that such evidence must be clear and definite, leaving no room for reasonable doubt as to the existence of the trust'. *(Hall v. Hall, 280 Ala. 275, 192 So.2nd 727).* This Court finds that this required test has been met fully by the believable evidence in this instant case and the Complainants are entitled to the relief prayed by them."

■■ Just as the Court said in *Hall,* supra, we are unwilling to say that the trial court's evaluation of the evidence failed to meet the test applicable to cases of this type. Thus, it is that the judgment must be, and is, affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.

## ON REHEARING

BLOODWORTH, Justice.

Appellant contends in application for rehearing that we were mistaken in our opinion when we alluded to Rule 15(b), A.R.C.P., because this case was tried in equity—not under the new rules. Therefore, it is argued there could be no "implied consent" by Rafield to try issues outside the pleadings and the case ought to be reversed because the judgment did not conform to the pleadings. Due to able counsel's earnest insistence, we will answer this contention.

■ Although the trial judge did state at one point in the record: "I'm trying this case under the Equity Rules," he did rule on the admissibility of evidence throughout the trial. Thus, Tit. 7, § 372(1) [the so-called "Lazy Lawyers Rule"] was not followed. *Rudicell v. Rudicell,* 262 Ala. 41, 77 So.2d 339 (1955). What did the trial judge mean by his assertion?

■ Rule 86, A.R.C.P., expressly provides that the new rules apply to all actions pending on the effective date of the act, July 3, 1973—except when "in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies." We find no ruling of the trial court so holding and must therefore conclude that the rules did apply. At one point in the record, the trial judge commented in ruling adversely to appellant on his motion to realign, viz.:

"THE COURT: I think *the realignment idea* projected in the federal rules *brought forth in our new rules* of procedure *makes it discretionary* with the trial court and in the exercise of that discretion *I overrule the motion.*" [Emphasis supplied.]

Moreover, appellant's own counsel invoked the aid of Rule 34, A.R.C.P. by filing several motions requesting the production of numerous documents, the aid of Rule 36, A.R.C.P., by filing a motion to shorten the time for answers to requests for admissions and the motion to realign the parties.

There being no merit, in our opinion, in this or the other contention argued on rehearing, the application is overruled.

Opinion extended.

Application for rehearing overruled.

All the Justices concur, except JONES, J., not sitting.